ROBERT SCHULTZ, Plaintiff-Appellant, v. CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.

First District (1st Division)   No. 79-11

Opinion filed December 17, 1979.

Raymond P. Concannon, of Chicago, for appellant.

John M. Barnes, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Robert Schultz, appeals from an order of the circuit court of Cook County dismissing his second amended complaint for failure to state a cause of action. Plaintiff filed suit against defendant, Continental Casualty Company (hereinafter Continental), an insurance carrier, for a declaratory judgment as to *inter alia* whether defendant's insurance policy provided coverage for plaintiff and sought production of the complete insurance policy. Defendant denied plaintiff was insured by its policy and refused to produce the insurance policy in question for inspection. Pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), defendant filed a motion to dismiss the amended complaint and attached two pages of the insurance policy in question as exhibits to a memorandum in support of said motion. The court sustained defendant's motion to dismiss and at the same time denied plaintiff's motion to produce the complete policy for inspection. This appeal followed.

We reverse and remand.

Plaintiff was employed by Ravinia Hardware, Inc. (hereinafter Ravinia), to install gas log igniters in private residences. Plaintiff installed an igniter in the residence of Marvin and Susan Dickman, and subsequently a fire occurred causing damage to the Dickman residence and to their personal property. The Dickmans and their subrogee insurance carrier filed two lawsuits against Ravinia and plaintiff alleging personal injury and property damage due to the negligent installation of said igniter by plaintiff, acting as agent and servant on behalf of Ravinia. Plaintiff tendered defense of the suit to Ravinia's insurer and carrier, Continental, defendant herein, to provide defense and indemnity to plaintiff. Defendant refused the tender of defense on behalf of plaintiff, although defendant had provided defense and indemnity to Ravinia.

Plaintiff then filed the present declaratory judgment action alleging that plaintiff is entitled to defense and indemnity of said lawsuits from defendant under defendant's policy of liability insurance issued to Ravinia and its organization. Plaintiff alleged that he was a member of Ravinia's organization, that plaintiff had been sued as an agent and servant of Ravinia, and that therefore, said litigation was within the liability coverage of defendant's insurance policy. Plaintiff further claimed that plaintiff is entitled to coverage because defendant has waived any question of coverage by extending defense and indemnity to Ravinia as to the Dickman suits and is estopped to deny coverage to plaintiff since plaintiff has been sued as agent and servant of Ravinia under the same two lawsuits. Continental repeatedly refused to permit plaintiff to inspect the policy in question and then filed a section 45 motion to dismiss plaintiff's second amended complaint for failure to state a cause

of action. Plaintiff filed a motion for an order directing defendant to produce the complete policy but this motion was denied and the court dismissed plaintiff's second amended complaint.

On appeal, plaintiff alleges: (1) the second amended complaint states a cause of action; and (2) the motion directing defendant to produce the entire policy should have been granted.

Defendant has asserted that plaintiff's allegations in the second amended complaint that plaintiff is entitled to defense and indemnity of said lawsuits under Ravinia's policy because (1) plaintiff was a member of the organization of Ravinia, and (2) plaintiff has been sued as agent and servant of Ravinia, are legally insufficient.

The two Dickman complaints were attached to plaintiff's second amended complaint, and defendant asserts that the two complaints do not contain any allegation against plaintiff either as part of Ravinia's organization or as agent and servant of Ravinia's organization. Additionally, defendant asserts that the second amended complaint does not allege that plaintiff was a part of Ravinia's organization or that plaintiff was sued in tort as agent and servant of Ravinia's organization.

Paragraph 10 of plaintiff's second amended complaint alleges that defendant was the general liability carrier of Ravinia and its organization under a certain policy of insurance referred to as "Storekeepers Insurance" that provided liability coverage to Ravinia and its organization, arising out of the operations of Ravinia, and its organization. However, defendant claims that paragraph 10 fails to state that defendant was the liability carrier or insurer of plaintiff, or that the insurance policy "allegedly issued" by defendant to Ravinia and its organization provided liability coverage to plaintiff either directly or as agent, servant or member of the organization of Ravinia. Furthermore, the second amended complaint nowhere alleges any facts sufficient to show what is meant by the undefined phrase "and its organization," and said complaint consists entirely of plaintiff's arguments and conclusions of fact and law.

In paragraph four of the first Dickman amended complaint, plaintiff was sued individually and as agent and employee of defendant Ravinia, and in the second action by the subrogee insurance carrier, plaintiff was sued individually and as agent of Ravinia.

Defendant's motion to dismiss resulted in a determination by the court that the second amended complaint was legally insufficient and at the same time prevented plaintiff from any inspection or examination of the subject policy to assist in the preparation of any amendment to said complaint.

At the December 17, 1977, hearing on defendant's motion to dismiss the first amended complaint and plaintiff's motion to produce the complete insurance policy, the court stated, "How am I going to litigate

the motion to dismiss without the policy." Notwithstanding the above statement, defendant did attach two pages of the policy as exhibits to defendant's memorandum in support of its motion to dismiss the second amended complaint.

It would appear that defendant desired on the one hand to withhold the inspection and examination of the complete insurance policy, while at the same time, complain of the failure of plaintiff to set forth the facts pertaining to said policy with greater detail.

In determining the sufficiency of the second amended complaint when brought under attack, all well-pleaded facts are taken as true. (*City of Chicago v. Loitz* (1975), 61 Ill. 2d 92, 329 N.E.2d 208.) The disposition of the motion must be made upon a consideration of the allegations contained in plaintiff's pleadings, and the exhibit consisting of the two pages of said policy cannot properly be considered in determining the sufficiency of the pleadings. *Mutual Tobacco Co. v. Halpin* (1953), 414 Ill. 226, 111 N.E.2d 155; *American Mutual Reinsurance Co. v. Calvert Fire Insurance Co.* (1977), 52 Ill. App. 3d 922, 367 N.E.2d 104; *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.

The Civil Practice Act provides that pleadings are to be liberally construed with a view of doing substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) Section 42(2) also provides that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Hence, plaintiff's second amended complaint has apprised the defendant of the nature of the claim and has alleged that plaintiff is a part of Ravinia's organization and has attached the two underlying Dickman lawsuits as exhibits to the pleadings. Defendant had knowledge of the two Dickman lawsuits and was defending Ravinia in said suits. Paragraph 15(c) of plaintiff's second amended complaint alleges that "the suits against Schultz as agent and servant of Ravinia Hardware, Inc. are suits against Ravinia Hardware, Inc., and its organization and fall within the liability coverage of said policy." Elsewhere, the second amended complaint alleges that plaintiff was employed as agent, servant and member of the organization of Ravinia Hardware, Inc., to install gas log igniters in private residences upon the direction and control of said corporation.

The Civil Practice Act is designed and intended to permit controversies to be determined according to substantial justice between the parties and not according to the technicalities or niceties of pleading. (*McCarthy v. Allstate Insurance Co.* (1979), 76 Ill. App. 3d 320, 395 N.E.2d 139.) The factual allegations contained in the second amended complaint are adequate to inform defendant of the nature of the claim it is called upon to meet. We are not persuaded by the defendant's

arguments. In our opinion the defendant has adequate knowledge and understanding of the asserted cause of action by plaintiff. The second amended complaint states a cause of action and deserves a response by way of an answer by defendant.

Based upon the foregoing, the orders denying production of the complete insurance policy are reversed. We also reverse the order dismissing the second amended complaint and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.