ROLAND E. MILLER, Plaintiff-Appellant, *v.* THE CITY OF
CENTRALIA, Defendant-Appellee.

Fifth District    No. 80-49

Opinion filed November 26, 1980.

Dennis J. Hogan, of Murphysboro, for appellant.

Mark W. Stedelin, of Centralia, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff Roland E. Miller appeals from the judgment of the Circuit Court of Marion County dismissing his complaint in which he alleged that the defendant, the City of Centralia, had violated the Fair Employment Practices Act. (Ill. Rev. Stat. 1979, ch. 48, par. 851 *et seq.*) On appeal plaintiff contends his complaint stated a cause of action under section 8.01a of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a), which became effective September 16, 1978.

Section 8.01a provides that any person who has filed a charge with the Fair Employment Practices Commission (FEPC) prior to March 30, 1978, which has not been settled or adjusted by conference or conciliation, and which within 180 days has not been the subject of a complaint issued by the FEPC, may seek appropriate relief by filing an action in the

circuit court in the county where the alleged unfair employment practice occurred.

On April 23, 1979, the plaintiff filed a complaint alleging unfair employment practices by the defendant in the course of plaintiff's employment as a Centralia police officer. He alleged that the defendant segregated him to the night shift and to working in the black populated areas of the city, refused to promote him, and refused to consider him for an open-day shift, all solely because the plaintiff was black. The complaint did not specifically allege that plaintiff had filed a charge with the FEPC prior to March 30, 1978, which had not been acted upon or adjusted by the Commission, and that no complaint had issued from the Commission within 180 days of the filing of the charge.

The complaint did state, however, that the plaintiff was seeking redress pursuant to Public Act 80-1455, which enacted section 8.01a. Attached to the complaint as exhibits were the letters from the FEPC notifying plaintiff that the charge of unfair employment practice that he had filed with the FEPC had not been investigated within 180 days of filing, but that Public Act 80-1455 permitted plaintiff to pursue his claim through the circuit court rather than through the FEPC.

On May 23, 1979, defendant filed a motion to dismiss for failure to allege facts which would entitle plaintiff to proceed with his action in the circuit court under section 8.01a. The trial court entered an order dismissing plaintiff's complaint and granting him 30 days to file an amended complaint. Plaintiff elected to stand on the original complaint, and the court entered judgment dismissing the plaintiff's complaint with prejudice.

The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1979, ch. 110, par. 33(3).) The Act also provides that no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. Ill. Rev. Stat. 1979, ch. 110, par. 42(2); *Schultz v. Continental Casualty Co.* (1979), 79 Ill. App. 3d 1035, 398 N.E.2d 936.

In this case, the plaintiff alleged that the police department of the City of Centralia segregated the plaintiff to certain shifts and refused him promotion solely on the basis that he was black, in violation of the Fair Employment Practices Act. In so alleging the plaintiff reasonably informed the City of Centralia of the nature of his claim.

Section 8.01a of the Illinois Fair Employment Practices Act provides a cause of action in the circuit court for persons who had filed employment discrimination charges with the agency prior to March 30,

1978, but which had not been acted upon by the agency within 180 days. To state a cause of action under section 8.01a, a plaintiff must allege that he filed a charge with the FEPC prior to March 30, 1978, which has not been settled or adjusted by conference or conciliation, and which has not been made the subject of a complaint issued by the Commission within 180 days of the filing of the charge.

In the present case, along with stating in his complaint that he was seeking redress pursuant to section 8.01a, plaintiff attached exhibits to his complaint. Where exhibits are attached to a pleading, they constitute a part of the pleading for all purposes. (Ill. Rev. Stat. 1979, ch. 110, par. 36.) As in *Habada v. Graft* (1975), 33 Ill. App. 3d 810, 812; 338 N.E.2d 255, facts stated in a letter attached to a complaint as an exhibit are to be regarded as if pleaded in the complaint. See also *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.

■■ Exhibit A, a letter from the FEPC to the plaintiff, stated that investigation of plaintiff's charge of employment discrimination had not been completed within 180 days of filing, but that "* * * new legislation (Public Act 80-1455) permits you to pursue your claim in State Court rather than through the FEPC." Exhibit B is a notice stating the plaintiff's right under the statute to file a lawsuit in the circuit court based on the charge that he had filed with the FEPC. By looking at the exhibits attached to plaintiff's complaint, we find that the specific facts at issue here, the conditions precedent to a cause of action under section 8.01a, have either been stated or can reasonably be inferred from the letters written by the FEPC to the plaintiff. We also note that defendant concedes in its brief that it received notice of the filing of plaintiff's charge from the FEPC on September 14, 1977.

■■ Plaintiff also contends that he should be awarded his attorney's fees to date. Section 8.01a provides for an award of attorney's fees if the person filing the charge of unfair employment practices prevails in his action in the circuit court. We find no basis for extending this rule to a situation where we have decided only that the plaintiff's complaint was improperly dismissed.

The judgment of the Circuit Court of Marion County is reversed and the cause remanded for further proceedings on the plaintiff's complaint.

Reversed and remanded.

JONES, P. J., and SPOMER, J., concur.