SHEREE KING, Plaintiff-Appellee, *v.* KEVIN KING, Defendant-Appellant.

Second District   No. 76-383

Opinion filed February 22, 1978.

Terry Eland, of Glendale Heights, for appellant.

Gordon W. Learn and Delbert S. Lyle, both of Glen Ellyn, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant appeals from a post-decretal judgment which adjudicated his arrearages, modified child support and ordered the defendant to pay the plaintiff's attorney's fees. These fees included an amount specified in the divorce decree, and an additional amount for the conduct of the trial court proceedings and prospective fees for defending this appeal.

The plaintiff was awarded a divorce on her complaint in a decree dated November 22, 1974. The decree is not in evidence but the parties agree that under it defendant was required to pay $30 per week for the support of the minor son of the parties and was also required to "reimburse plaintiff the sum of $675 as attorney's fees." On September 15, 1975, an order was entered requiring defendant to make his support payments to the clerk of the trial court. On February 26, 1976, defendant was ordered to pay $40 a week to the clerk, $30 of which would apply to current support payments and $10 to the arrearage. The arrearage was

determined to be $450 for the period from September 15, 1975, to February 26, 1976.

On April 27, 1976, the plaintiff petitioned the court to require compliance with the provisions of the divorce decree both as to the support payments and as to the item of the $675 attorney's fee. Defendant answered claiming that his former wife had voluntarily paid the fee to her attorney and that the obligation had become discharged in his subsequent bankruptcy. He admitted arrearages in support payments but denied that he owed the amount claimed. He also sought a reduction of his child support payments in a counter-petition.

Following a hearing, the court found that defendant was in arrears in child support in the amount of $980 in addition to "that sum shown on the record of the clerk of this court." Defendant was also ordered to pay the $675 attorney's fees specified in the divorce decree within 30 days. In addition, the court assessed $250 as attorney's fees against defendant based on section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41) presumably for what the court considered the frivolous contention that the attorney's fees were discharged; and reduced future support payments to $25 a week but ordered defendant to continue paying $10 a week in addition until the arrearage and the $250 penalty were paid. After defendant filed his notice of appeal the plaintiff sought attorney's fees for defending the appeal which the court awarded in the sum of $400.

Defendant contends that the court erred in finding that he was in arrears for the period subsequent to February 26, 1976 (erroneously stated as February 11, 1976, in defendant's brief and argument); that he does not owe the $675 attorney's fees set forth in the decree, presumably on the theory that the wife by paying his obligation either discharged the debt or became subrogated to her attorney's claim against defendant and that the subrogated debt was then discharged in his bankruptcy; and that the award of attorney's fees was an abuse of discretion. Defendant also generally contends that he did not receive a fair hearing because of the judge's attitude towards him and his counsel. An issue is also raised as to whether the court properly denied defendant's request for a change of venue.

■■ ■ We first consider the matter of the $675 in attorney's fees provided in the decree. It appears from the record that the wife paid this amount to her attorney prior to the entry of the divorce decree. Under the decree the fees were owed to plaintiff's lawyer as an obligation of the defendant and the defendant had no contract defense to this charge. Even under defendant's unsupported theory that his former wife paid her attorney subsequent to the decree, she would have been paying a debt

owed by the defendant and would be entitled to reimbursement from the defendant on subrogation principles. When one who is not acting as a mere volunteer or intruder pays a debt for which another is primarily liable and which in equity should have been discharged by the latter, the doctrine of subrogation applies. *First National Bank v. Heatherly,* 8 Ill. App. 3d 1073, 1074 (1972).

■■ On any theory the debt was not dischargeable in bankruptcy. Pursuant to section 17(a)(7) of the Bankruptcy Act (11 U.S.C. §35(a)(7)), alimony is excepted from debts which may be discharged in bankruptcy. Attorney's fees awarded in a divorce decree have been held to be in the nature of alimony and therefore not dischargeable in bankruptcy. (*Morrey v. Morrey,* 24 Ill. App. 3d 77, 78-79 (1974); see also *In re Cornish,* 529 F.2d 1363, 1364-65 (7th Cir. 1976).) The trial court therefore properly ordered payment of the $675 attorney fee item.

■■ We conclude, however, that it was improper to award the $250 for attorney's fees incurred in the conduct of the instant litigation ostensibly under the provisions of section 41 of the Civil Practice Act. The purpose of that section is to penalize a litigant who pleads frivolous or false matters and brings suit without legal foundation and which subjects a litigant to unnecessary expense and harassment. (*Manchester Insurance & Indemnity Co. v. Strom,* 122 Ill. App. 2d 183, 190 (1970); *Ready v. Ready,* 33 Ill. App. 2d 145, 161 (1962).) In his affidavit defendant truthfully stated that his wife paid the attorney's fees specified in the decree and that he did not pay them but he sought to interpose a defense which was a legitimate inquiry although we agree that the claim does not amount to a defense. The award was therefore an abuse of discretion under the circumstances.

■■ We find, however, that the question of the propriety of the trial court's award to plaintiff of $400 for attorney's fees and costs for defending this suit is not properly before us for review. The award was made on June 17, 1976, and was necessarily not included in the prior notice of appeal dated June 7, 1976, filed on June 9, 1976. The notice of appeal vested this court with jurisdiction. (Ill. Rev. Stat. 1975, ch. 110A, par. 301.) The defendant neither sought an amendment of his notice of appeal nor did he file a separate notice of appeal from the June 17 order. Therefore, we have no jurisdiction to review the propriety of that order. (See *City of Chicago v. Myers,* 37 Ill. 2d 470, 472 (1967); *Brehm v. Piotrowski,* 409 Ill. 87, 90 (1951); *Mitchell v. Mitchell,* 54 Ill. App. 3d 18, 20 (1977).) We are, of course, not precluded from taxing costs on appeal by a proper motion in this court. See Ill. Rev. Stat. 1975, ch. 33, par. 22.

■■ ■ The same considerations prevent our review of defendant's claim that he was improperly denied a change of judges. His motion was

made on June 17, 1976, when the plaintiff presented her petition for prospective attorney's fees to the judge. There has been no appeal from the order denying the motion and we therefore cannot consider it.

The facts bearing on the computation of the arrearage in child support payments which is before us are somewhat confused in the record. It is apparent, however, that the defendant does not argue that the trial court erred in determining the $980 arrearage for the period prior to September 15, 1975.[1] He contends, however, that the court erred in determining that he was in arrears in the additional amount of $450. On February 26, 1976, the arrearage was determined to be $450. This sum is apparently only for the period from September 15, 1975, to February 26, 1976. Defendant contends that he made all of the required payments after February 26, 1976, a portion of which pursuant to the court order would have been applied to reduce the arrearage. He complains that the judge, however, refused to credit his testimony and erroneously concluded from the clerk's record that the defendant had made only six payments, one for $80, four for $40, and one for $10, with the resulting conclusion that the arrearage was held to be exactly the same on May 11, 1976, as it was on February 27, 1976, or $450.

Defendant testified that he made payments in the period between September 1975 to February 1976, but he could not recall any particular payment. His attorney asked the court to take "judicial notice of the fact that the records do reflect that $40 payments were made." A discussion then took place between counsel and the judge in which counsel sought to state what the record showed and the court refused to allow him to "argue with the record." Counsel sought to protest the court's conclusion as to the payments shown by the record and was, as he complains in his argument, rather curtly cut off by the court.

We are unable to determine the exact amount of arrearage which the clerk's records reflected, on May 11, 1976, since those records were not included in the praecipe for record and have not in any manner been made a part of the record on appeal. "[T]he party appealing has the responsibility to perfect the record so as to support the questions raised in the appeal." (*Robinson v. Moore*, 30 Ill. App. 3d 915, 917 (1975).) Further, "[w]here an appellant does not bring before a reviewing court a complete report of proceedings, the reviewing court will presume that the omitted report of proceedings justifies the order from which the appeal is taken." *Reace v. Reace*, 39 Ill. App. 3d 496, 497 (1976).

However, we note that the court's order did not state any specific sum

---

[1] He states the issue in his brief, "Whether the trial court erred in finding that the defendant was in arrears with regard to the payments subsequent to February 11, 1976." It should also be noted that when defendant was asked how many dollars he had paid between the time he lost his employment in April of 1975 and the time the court order was entered in September of 1975, he answered, "I honestly can't say."

as appearing on the clerk's record; rather, the order simply found the defendant to be in arrears in the amount "shown on the records of the clerk of this court," plus the additional $980. We further note that the defendant does not challenge the accuracy of the clerk's records but only contends that the trial judge incorrectly read those records at the May 11, 1976, hearing. Hence, the trial court did not err in simply finding the defendant to be in arrears in the amount shown on the clerk's records, without specifying what that amount was.

■■ While the trial judge was somewhat irascible and showed his annoyance with defendant's counsel, the record supports the conclusions which the court reached as to defendant's obligation to pay the $675 attorney's fees fixed in the decree and confirms the court's computation of the $980 in additional arrearage. It should also be noted that the fact that the court reduced the monthly support payments on defendant's cross-petition somewhat belies defendant's complaint that the judge did not give defendant a fair and impartial hearing upon his counterpetition.

The portion of the trial court's order which provided that the defendant pay the $675 fees is affirmed. However, that portion of the order which required the fees to be paid within 30 days is deleted and the plaintiff will be required to enforce this provision by application to the circuit court of Du Page County. That portion of the order which found defendant in arrears in child support in the amount of $980, in addition to the sum shown on the record of the clerk of the circuit court of Du Page County as of May 11, 1976, is also affirmed. The plaintiff will be required to seek a further determination from the circuit court as to what the clerk's records showed as of May 11, 1976, and we do not anticipate that the court will incorrectly read the clerk's records. That portion of the order which reduced defendant's child support payments to $25 per week and provided that the defendant pay the sum of $10 per week in addition to the weekly support payments, to be applied on the arrearage, is also affirmed. However, that portion of the order which required defendant to pay to the plaintiff the further sum of $250 for attorney's fees in the conduct of the trial court proceedings is reversed. As previously noted the subsequent order for prospective attorney's fees in defense of the appeal is not before the court.

Affirmed in part, reversed in part.

GUILD and RECHENMACHER, JJ., concur.