WILLIAM E. WEBBE IV, Plaintiff-Appellant, v. FIRST NATIONAL BANK
AND TRUST COMPANY OF BARRINGTON *et al.,* Defendants-Appellees.

Second District   No. 84—0681

Opinion filed December 30, 1985.

Edward L. Foote, Robert G. Foster, and David B. Love, all of Winston & Strawn, of Chicago, for appellant.

John E. Angle, of Kirkland & Ellis, of Chicago, and Donald T. Morrison & Associates, P.C., of Waukegan, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, William E. Webbe IV, appeals from an order of the circuit court which assessed against plaintiff and his share of the subject trust the attorney fees and costs incurred by defendants in defending this action. Plaintiff contends (1) the trial court improperly charged defendants' attorney fees and costs against plaintiff's share of the trust; (2) the finding of the court that plaintiff's amended complaint was untrue and his suit groundless was against the manifest weight of the evidence; and (3) the court erroneously assessed certain of defendant's fees and costs against plaintiff personally pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611).

Plaintiff is one of three grandsons of Blanche L. Webbe, who is now deceased. In 1979, when she was 90 years old, plaintiff assisted in her move from Minnesota to reside in an Illinois nursing home. She then had approximately $275,000 in assets which were transferred to defendant, First National Bank and Trust Company of Barrington, which was chosen by plaintiff to act as Mrs. Webbe's trustee. An *inter vivos* trust agreement was executed by Mrs. Webbe in which she was designated life beneficiary and her three adult grandsons, plaintiff and defendants, Robert and Alexander Webbe, as contingent beneficiaries. The trust was to provide income to maintain Mrs. Webbe in the nursing home and provide for her other needs.

In July 1980, and May 1981, the bank was contacted by attorney

Thomas Hayward, who had been retained by plaintiff to advise as to trust matters, who stated Mrs. Webbe wished to amend the provisions of her trust to give plaintiff a larger share of the remainder. A trust officer of the bank met with Mrs. Webbe and attorney Hayward to discuss the matter; however, as she wished to avoid a family dispute, she decided not to change the terms of the trust. In September 1981, Mrs. Webbe, accompanied by plaintiff, again met with an officer of the bank and presented a handwritten document she had made and signed which stated she wished to make a gift of 588 shares of Getty Oil stock and 816 shares of Phillips Petroleum stock to plaintiff. The note was very poorly executed in uncertain handwriting which was difficult to read, and Mrs. Webbe was able to read aloud only one sentence without assistance from plaintiff. The matter was postponed that day and subsequently a bank officer discussed it with attorney Hayward, advising him the proposed gift would comprise 30% of the trust corpus which would then be insufficient for Mrs. Webbe's needs. Attorney Hayward refused to authorize the gift, and the bank declined to honor the request stated in Mrs. Webbe's note.

In 1982, plaintiff dispensed with attorney Hayward's services and retained attorney Jay Miller, who advised the bank's officers he now represented Mrs. Webbe and plaintiff. He presented documents purporting to be signed by Mrs. Webbe which would remove the bank as trustee and appoint plaintiff as successor trustee. Bank officers visited Mrs. Webbe in the nursing home to determine her wishes. She was not aware of the nature of her property or that the bank was trustee. Mrs. Webbe also did not recall she had previously lived in Minnesota or the names of her attorney or her physician. Hospital staff advised the bank officers Mrs. Webbe was out of touch with reality. As a result, the bank refused to remove itself as trustee or to tender the trust *res* to plaintiff.

Plaintiff commenced this action in 1982 charging the bank with breach of its fiduciary duty as trustee for failure to transfer the trust to plaintiff and with mismanagement of the trust fund. The bank answered, raising as an affirmative defense that Mrs. Webbe was not legally capable to act with regard to the trust and counterclaimed that plaintiff exercised undue influence over her. Mrs. Webbe and other grandchildren and great-grandchildren were also joined as defendants, and a guardian *ad litem* appointed to represent Mrs. Webbe's interests.

At the close of plaintiff's case in a bench trial, the court made a directed finding in favor of defendants. Plaintiff has not appealed from that judgment, and we consider only the orders which allowed

defendants' attorney fees and costs in this litigation. That order provided, as relevant,

"3. The costs expended as shown in the several petitions are reasonable.

4. The complaint and amended complaint herein were untrue and the plaintiff knew or should have known that his suit was groundless and was brought without reasonable cause.

(5) The status of the estate is such that allowance of counsel fees and costs therefrom is appropriate.

IT IS HEREBY ORDERED that counsel fees and costs are allowed to be paid by the Bank from the corpus of the estate and shall be charged to the distributive share of the plaintiff therein, as follows:

1. To First National Bank of Barrington          $34,901.39
2. To Donald T. Morrison & Associates, P.C.        5,295.65
3. To Dennis Daly                                  2,211.05
4. To Ned Fisher                                   2,063.50
5. To Vincent Lombardi                             1,660.10

The fees of Dennis P. Daly, Ned L. Fisher and Vincent J. Lombardi are to be charged to trust generally.

The fees of the First National Bank of Barrington are to be charged to share of William E. Webbe, IV, or his descendants.

The fees of Donald T. Morrison & Associates, P.C. are to be paid by William E. Webbe, IV, personally."

We note plaintiff has not contested on appeal the reasonableness of the fees and costs awarded, but seeks reversal only of the provision assessing such fees against plaintiff personally or against his distributive share of the remainder of Mrs. Webbe's trust fund.

We consider first whether the $34,901.39 in fees and costs incurred by the bank, as trustee, in defending against plaintiff's action may be properly assessed against plaintiff's share of the remainder of the trust. Plaintiff contends that while his suit was not successful, it was not groundless, vexatious or brought for purposes of harassment, and thus no justification existed to charge these costs to only his share of the trust, citing *Brown v. Commercial National Bank* (1968), 94 Ill. App. 2d 273, 237 N.E.2d 567, *aff'd* (1969), 42 Ill. 2d 365, 247 N.E.2d 894. The bank is the only defendant to respond to this issue in its brief, stating it would be content to receive its fees from either plaintiff's share or the trust generally, but argues it would be unfair to charge the trust generally as the bank's resistance to plaintiff's demands both preserved trust assets and substantially increased the distributive shares of the other remaindermen.

810

■ The general rule is that a trustee found to be without fault is entitled to reimbursement from the trust fund for all expenses properly incurred in administering and defending the trust. (*Kerner v. Peterson* (1937), 368 Ill. 59, 81, 12 N.E.2d 884; *Brown v. Commercial National Bank* (1968), 94 Ill. App. 2d 273, 280, 237 N.E.2d 567, *aff'd* (1969), 42 Ill. 2d 365, 247 N.E.2d 894; *Hamilton v. Nielsen* (7th Cir. 1982), 678 F.2d 709, 714 (construing Illinois law).) Such rule does not condition assessment of fees and costs upon the outcome of the litigation or allow charging them against the unsuccessful party, unless the claim defended against was groundless or vexatious. *Brown v. Commercial National Bank* (1968), 94 Ill. App. 2d 273, 280, 237 N.E.2d 567, *aff'd* (1969), 42 Ill. 2d 365, 247 N.E.2d 894.

All parties agree there is only one Illinois case to support assessment of the fees and costs against plaintiff's share of the trust. In *Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 122 N.E. 55, our supreme court stated:

"Where a beneficiary brings a suit against his trustee which is groundless, the solicitor's fees and expenses of the trustee in defending the charge are to be paid out of the share of the complainant in the trust estate, and not charged against the estate generally nor a general fund by which co-beneficiaries would have to contribute. The suit by Patterson was frivolous, oppressive and a wrongful attempt to relitigate matters already decided, and the rule that his share of the trust estate should pay the expenses applies with all its force.

The right and duty of the court to allow to the trustee *** all legitimate expenses in defending against [plaintiff's] charges, including solicitor's fees, cannot be doubted, and we see no reason why a court of equity may not likewise protect a beneficiary from such an assault as was made in this case by charging solicitor's fees against Patterson's share, ***." 286 Ill. 564, 567-68, 122 N.E. 55.

The case is factually distinguishable as Patterson's conduct was more vexatious than that of plaintiff at bar; he engaged in a pattern of filing repetitive, nonsubstantial, vexing actions against the trustee. However, when one of several beneficiaries brings essentially groundless and unsuccessful litigation against a trustee the purpose of which was to benefit only himself, no reason suggests itself why the other beneficiaries, who did not join with him, sought no relief and had no voice in the conduct of the case, should share the expense with the initiating beneficiary. If such were not the case, a beneficiary could assault will and trust provisions attempting to increase his individual

shares secure in the knowledge that, if he was unsuccessful, the cost would be borne by the other beneficiaries equally and not recovered solely out of the share of the party seeking to further his own ends. This would not seem to be just.

■ It is apparent on this record, as the trial court found, that plaintiff's action was groundless and brought without reasonable cause. In its remarks at the close of trial the court noted plaintiff was attempting to become his grandmother's trustee to give himself a $73,000 gift, "a very damaging conflicting situation." While the court did not make a specific finding of undue influence, that was the import of its findings. It noted Mrs. Webbe's advanced age, her dependence on plaintiff and his "classical dominant position in relationship to his emptionally [sic] dependent and subservient grandmother ***." Plaintiff selected her residence, her trustee and attorney, and received the trust's accountings. The court pointed out plaintiff's fiduciary relation to his grandmother and that her best interests had not been protected by him.

Based upon these circumstances and the authority of *Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 122 N.E. 55, we cannot say the trial court abused its discretion in awarding the bank its fees and costs incurred in defending plaintiff's action and assessing them solely against plaintiff's share of the remainder; that portion of its order will be affirmed.

Plaintiff's other issues are considered together. He contends the trial court erred in assessing against him personally the fees and costs due Donald T. Morrison & Associates, P.C., incurred on behalf of his brothers, defendants Robert and Alexander Webbe. The court did so as a sanction based on its findings that plaintiff's complaint and amended complaint were untrue. Plaintiff asserts this finding was erroneous as against the manifest weight of the evidence. He argues the bank admitted every operative fact alleged in both the complaint and amended complaint, denying only the ultimate legal conclusion of a fiduciary breach, and that central to that conclusion was defendant's claim of the legal incapacity of Mrs. Webbe, which raised a clear and genuine issue of fact. Therefore, plaintiff concludes that defendants admitted the allegations of his complaint were true and the trial court's finding of untruth was erroneous.

The bank responds that the issue was not Blanche Webbe's legal capacity to execute the documents giving rise to the action, but that of plaintiff's undue influence over his grandmother. It argues the trial court's ruling was premised entirely upon plaintiff's undue influence and did not address the issue of Mrs. Webbe's competency at the time

of the transactions in issue. The bank notes plaintiff makes no effort to rebut the findings upon which the case was actually decided and upon which the court found the suit to be groundless.

Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611, states, *inter alia:*

> "Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

Imposition of attorney fees is proper where movant demonstrates his opponent has pled statements which he knew, or should have known, to be untrue. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 14, 466 N.E.2d 945, *appeal denied* (1984), 104 Ill. 2d 23; *King v. King* (1978), 57 Ill. App. 3d 423, 427, 373 N.E.2d 313.) This statute seeks to prevent vexatious actions based upon false statements, without legal foundation, thus causing an undue burden on the opponent to disprove such allegations. (*People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 889, 471 N.E.2d 654; *In re Interest of Eatherton* (1983), 119 Ill. App. 3d 174, 177-78, 456 N.E.2d 327.) The statute is penal in nature and should be invoked only in those cases falling strictly within its terms. *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 144, 421 N.E.2d 1078; *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 651, 411 N.E.2d 1173.

While plaintiff's action does appear essentially groundless, the trial judge's specific finding that the complaint and amended complaint were untrue is not technically correct. The pleadings found false were, as plaintiff notes, simply averments of fact describing the parties and their circumstances and were admitted by defendants. The ultimate issue of whether the bank's refusal to do what was requested by plaintiff constituted a breach of fiduciary duty was the only factual issue. As section 2—611 is penal in nature, it is strictly construed. (*Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 635, 432 N.E.2d 1209.) The mere fact plaintiff did not prevail is insufficient to assess fees under this section. (See *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 431 N.E.2d 1364.) The trial court's finding plaintiff's pleadings were untrue, the essential basis of its sanction, is against the manifest weight of the evidence and is inappropriate under these circumstances.

■ An attorney fee cannot be charged personally against a defeated plaintiff suing a trustee as beneficiary, absent statutory authority. (*Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 568, 122 N.E. 55.) The court in *Patterson* found it appropriate to protect the other beneficiaries and the trustee by charging their fees against plaintiff's share of the trust corpus, but did not assess the plaintiff personally. We conclude the trial court erred in this regard and that the fees incurred by defendants Robert and Alexander Webbe should be assessed only against plaintiff's share of the trust, and we so order.

Accordingly, the judgment of the circuit court is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

HOPF and REINHARD, JJ., concur.