CHICAGO CITY BANK AND TRUST COMPANY, as Successor Trustee, Plaintiff-Appellee, v. JOHN ALBERT PICK, Defendant-Appellant (Gertrude Pick Lesman, Defendant-Appellee).

First District (6th Division)   No. 1—90—2767

Opinion filed September 4, 1992.—Rehearing denied October 23, 1992.

John Albert Pick, of Lake Worth, Florida, appellant *pro se.*

Baker & McKenzie, of Chicago, for appellee Chicago City Bank and Trust Company.

Paul E. Hamer, of Northbrook, for appellee Gertrude Pick Lesman.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant-appellant John A. Pick appeals the trial court's orders of June 6 and May 3, 1990, which granted attorney fees to defendant-appellee Gertrude Pick Lesman (Gertrude) (June 6, 1990, order), and approved a final accounting of a trust which formed the basis for the underlying litigation while at the same time denying appellant's motion to have the accounting approval hearing continued (May 3, 1990, order). While we affirm the final accounting of the trust, we reverse the trial court's imposition of attorney fees against appellant.

The facts which underlie the case *sub judice* are to be found in our division's prior case, *Chicago City Bank & Trust Co. v. Lesman* (1989), 186 Ill. App. 3d 697, 542 N.E.2d 824 (*Lesman I*). There, the court held that appellant's counterclaim failed to state a cause of action against appellee Chicago City Bank & Trust Co. (Chicago City Bank) for breach of fiduciary duty and an accounting in connection with the management and distribution of a trust established by Albert Pick, Sr. (appellant's grandfather). (186 Ill. App. 3d at 702-03.) (*Lesman I* also held that Chicago City Bank was entitled to an award of attorney fees under the trust agreement. (186 Ill. App. 3d at 704).) Both appellant and Gertrude are remainder beneficiaries of that trust.

Upon remand, on May 3, 1990, Gertrude filed a motion for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). That motion requested attorney fees and costs, given that certain of Chicago City Bank's costs in defending the counterclaim were taken from the trust. The motion alleged that appellant's counterclaim was, *inter alia*, without reasonable cause, filed in bad faith, and wholly failed to state a cause of action.

At the hearing on May 3, 1990, in addition to receiving Gertrude's motion for fees (which was continued in order for appellant to respond), the trial court also, on Chicago City Bank's behest, approved the fourth and final accounting of the trust. A few days prior to the May 3, 1990, hearing, appellant sent a motion to the court and letters to counsel requesting a continuance of the May 3, 1990, hearing. The motion and supporting documents (including appellant's affidavit and a letter from a physician) established that appellant, who lived in Florida, needed a continuance because his wife was pregnant (past her due date, in fact), and he was needed at home to care for his wife and five other children. The court nonetheless approved the final accounting and set the matter of fees over for 30 days, allowing appellant to respond.

At the June 6, 1990, hearing, the court granted Gertrude's motion for attorney fees, entering judgment against appellant in the amount of $3,387.50 on the fee petition, and a further amount of $1,974.34, which the court apparently adjudged to be the loss of Gertrude's share of the trust occasioned by the filing of claimant's counterclaim, after the amount appellant was entitled to under the trust (but which appellant refused) was subtracted. The trial court noted in the record that he heard Gertrude's fee petition pursuant to Supreme Court Rule 137. 134 Ill. 2d R. 137.

Appellant has framed the first issue we address as follows: Whether the trial court "erred in not allowing the appellant's continuance, approving the final accounting of [Chicago City Bank], without requiring the trustee to give enough information so that appellant, as a beneficiary, could approve of or formulate an objection, or in allowing a rehearing of the accounting hearing."

██ In arguing this issue, appellant relies on some law which pertains to his rights, as a beneficiary, to an accounting. These contentions were refuted in *Lesman I*, and therefore we do not address them. We do address, however, the matter of the trial court's denial of appellant's motion for a continuance. Section 2—1007 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1007) provides: "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." Illinois Supreme Court Rule 183 (134 Ill. 2d R. 183) states:

> "This court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

A trial judge has broad discretion in allowing or denying a motion for continuance. (See *Bullistron v. Augustana Hospital* (1977), 52 Ill. App. 3d 66, 367 N.E.2d 88.) In argument below, counsel for Chicago City Bank and the trial judge both stated that "all" appellant said was that "his wife is pregnant." To the contrary, appellant established by unchallenged evidence that his wife was well overdue, that she would be "on disability" for weeks after the birth, which was expected any time, and that five other children needed care. In point of fact, appellant's wife did give birth on the day of the final accounting. Appellant, representing himself, was an out-of-State resident (Florida).

A court may not disallow a motion for a continuance if to do so would defeat the ends of justice. (See *Krych v. Birnbaum* (1978), 66 Ill. App. 3d 469, 384 N.E.2d 52.) If, for instance, an attorney who has prepared for trial has become ill and unable to proceed, the court should grant a continuance. (*Nowaczyk v. Welch* (1969), 106 Ill. App. 2d 453, 245 N.E.2d 894.) Further, the absence of a party due to illness may serve as a valid reason for granting a continuance if the motion is supported by competent evidence. (See *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 237.) Here, the evidence of appellant's need for a continuance was neither challenged nor controverted.

■ Notwithstanding the above, the failure to grant the continuance does not require reversal. Lacking from appellant's arguments to either this court or the trial court are any grounds upon which we can infer that appellant was prejudiced by his inability to be present at the final accounting. No one disputes that appellant had standing to object at the final accounting. (See *In re Estate of Provus* (1975), 30 Ill. App. 3d 378, 332 N.E.2d 759, cited by appellant; *Lesman*, 186 Ill. App. 3d at 703.) However, appellant claims only that Chicago City Bank's accounting had no middle (information as to how the trust was administered, presumably balance sheets and the like). Appellant points to no alleged errors in the method in which the trust was administered, no alleged incidences of fraudulent or negligent administration of the trust, or any other reason to dispute the fourth and final accounting. The record discloses that Chicago City Bank's accounting of the administration of the trust since the third accounting included a thorough listing of the receipts and disbursements of the trust. Appellant has failed to establish any prejudice to him, as he has never made a sufficient challenge to the accounting on a basis which he could have asserted below, either before, at, or after the final accounting.

Given that appellant had notice of the final accounting hearing, had received the pleadings pertaining thereto, and had the opportunity to file and argue a motion for rehearing,[1] we reject appellant's brief argument that his due process rights were violated. We there-

---

[1]. Because appellant filed his motion for a rehearing outside of the 30 days after the approval of the final accounting, Chicago City Bank is correct in pointing out that appellant would have been limited to showing "fraud, accident, or mistake." (See *In re Estate of Moore* (1988), 175 Ill. App. 3d 926, 929-30, 530 N.E.2d 635.) However, as indicated, appellant did not below, and has not on appeal, established any grounds upon which the final accounting can be challenged.

fore hold that the ends of justice were not defeated by the trial court's refusal to grant appellant's motion for a continuance.

Next, we address whether the trial court erred in imposing sanctions against appellant. Appellant raises a number of questions with regard to the propriety of the sanction award, including: whether the trial court sufficiently identified specific false statements; whether the motion was untimely when it was brought more than 30 days after the allegedly offensive pleading was dismissed; whether, if fees were to be awarded, they were only awardable pursuant to the trust agreement; and whether appellant's conduct was sanctionable. Due to the dispositive nature of this last issue, we need not address the others which appellant raises.

Initially, we note the inapplicability of Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137) to this case. Rule 137 applies to offensive pleadings filed on or after its effective date, August 1, 1989. Thus, a motion for sanctions relating to a pleading filed prior to that date is properly analyzed under section 2—611 of the Code of Civil Procedure. See *People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1990), 199 Ill. App. 3d 395, 557 N.E.2d 643.

Section 2—611 requires that an attorney or a *pro se* party sign every pleading, motion or other paper filed with the court. This signature constitutes a certificate that the attorney or *pro se* party has read the document, has made a reasonable inquiry into its basis, and believes that it is well grounded in fact, warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and the paper is not interposed for any improper purpose, such as harassment or delay. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) If a pleading, motion or other paper is signed in violation of section 2—611, the court "upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

In the case *sub judice*, Gertrude's section 2—611 motion was directed to the counterclaim appellant filed in 1987, which was dismissed in December of 1987. It was Chicago City Bank, not Gertrude, which brought the motion pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). A review of *Lesman I* reveals that the dismissal was upheld based upon appellant's failure to provide sufficient facts to state a cause of action (*i.e.*,

that regular accountings had not been made or that appellant was denied access to records). *Lesman I* did not, as Gertrude contended below and contends on appeal, state that appellant's pleadings were false. Rather, the affirmance in *Lesman I* was predicated upon internal contradictions in appellant's pleading and the failure to state facts sufficient to constitute a cause of action. Given that it was a section 2—615 motion, no evidence was before the court, other than appellant's own counterclaim and exhibits, establishing the falsity of appellant's pleading. At oral argument, Gertrude's counsel was not able to point to any part of the counterclaim which is assailed as false.

■ Even if the case *sub judice* could be said to have involved falsity of factual allegations, a motion for attorney fees will not be granted where the movant merely establishes that the facts ultimately are adverse to the pleadings as set forth in the trial court. (*Couri v. Korn* (1990), 202 Ill. App. 3d 848, 560 N.E.2d 379.) Here, as indicated, no facts to show a lack of reasonable cause on the part of appellant are indicated in the record or specifically argued by Gertrude. It is, after all, Gertrude's burden to prove that appellant made untrue allegations without reasonable cause. (See *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77, 535 N.E.2d 876.) While the granting or denying of a section 2—611 motion is within the sound discretion of the trial court (*Jackson v. Pellerano* (1991), 210 Ill. App. 3d 464, 569 N.E.2d 167), we hold that the record does not support an award of fees under section 2—611 in the instant case.

Gertrude presents an alternative argument to section 2—611 in support of the trial court's imposition of fees against plaintiff personally, namely: the imposition of fees was proper under *Webbe v. First National Bank & Trust Co.* (1985), 139 Ill. App. 3d 806, 487 N.E.2d 711, and *Patterson v. Northern Trust Co.* (1919), 286 Ill. 564, 122 N.E. 55. Gertrude's reliance on these cases is misplaced. Both *Patterson* and *Webbe* involved the issue of the *trustee's fees in defending the action, not the fees of another beneficiary* brought under section 2—611. As the trustee's fees in this matter have already been litigated in *Lesman I*, they are not at issue in this case. Moreover, *Patterson* and *Webbe* dictate that in order for fees to be awardable out of a beneficiary's share of the trust, so as not to prejudice other beneficiaries, the plaintiff's action must be groundless and vexatious. In fact, the cases Gertrude cites work against her position, as the court in *Webbe* stated: "An attorney fee cannot be charged personally against a defeated plaintiff suing a trustee as beneficiary, absent statutory authority." 139 Ill. App. 3d at 813, citing *Patterson*, 286 Ill. at 568.

In the case *sub judice*, we have held that the granting of Gertrude's section 2—611 motion is not supported by the record, which leaves no statutory provision upon which to base a personal charge of fees against appellant. Finally, we note that appellant below steadfastly refused to take his authorized share as a remainder beneficiary under the trust. He has not appealed that issue and therefore has waived his right to his share under the trust. Thus, the extent of appellant's share of the trust remained in the trust and has been distributed to Gertrude and the other beneficiaries. This is the extent to which fees may be charged to appellant under *Patterson* and *Webbe* in the first instance. Gertrude has cited no authority which compels a different result merely because appellant's share under the trust did not cover the entirety of Chicago City Bank's fees.

Accordingly, while the judgment of the circuit court approving the fourth and final accounting is affirmed, we reverse the award of fees levied under section 2—611 against appellant.

Affirmed in part, and reversed in part.

EGAN, P.J., and McNAMARA, J., concur.