HERITAGE PULLMAN BANK AND TRUST COMPANY, as Trustee, Plaintiff-Appellee, v. EVELYN RAFACZ CARR *et al.*, Defendants-Appellants (Norman J. Barry, as Ex'r under the Last Will and Testament of Edward A. Rafacz, *et al.*, Defendants and Cross-Plaintiffs-Appellees).

First District (2nd Division)  No. 1—95—2776

Opinion filed September 17, 1996.

Carr & O'Rourke Associates, of Chicago (Glenn J. Jazwiec and Donald A. Carr, of counsel), for appellants.

Rothschild, Barry & Myers (Jonathan E. Rothschild and Kevin J. Moore, of counsel), and Winston & Strawn (Calvin P. Sawyier, of counsel), both of Chicago, for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This is the second appeal involving these parties. See *Heritage Pullman Bank & Trust Co. v. Carr*, 254 Ill. App. 3d 676, 627 N.E.2d 160 (1993) (*Carr*). Relevant to the present appeal, in *Carr*, we affirmed the circuit court's (1) award of fees and costs to Heritage Pullman Bank & Trust Co. (Trustee) in accordance with a trust agreement, (2) determination that defendant Evelyn Carr (Carr) took a groundless position in asserting that unanimous consent was required under the terms of the trust and should be charged with the Trustee's fees and costs, and (3) finding that Norman J. Barry, as executor of the estates

of Edward and Henry Rafacz (collectively the Estates), did not take a groundless position and, therefore, should prevail on their cross-claims against Carr. We remanded *Carr* "to the circuit court for a petition and evidentiary hearing on the Trustee's request for fees accruing since January 2, 1990." 254 Ill. App. 3d at 685.

Following our remand, the circuit court granted the Estates' section 2—611 petition for sanctions, which alleged that Carr had needlessly prolonged the litigation by pursuing her groundless claim, and awarded fees and costs in the amount of $98,755.50. Ill. Rev. Stat. 1987, ch. 110, par. 2—611. Carr again appeals, contending the circuit court erred in (1) denying her motion to strike and dismiss the Estates' section 2—611 petition for sanctions, (2) not holding an evidentiary hearing as to whether Carr violated section 2—611, (3) granting the Estates' section 2—611 petition for sanctions, (4) refusing Carr a hearing as to the reasonableness of the Estates' fees, (5) denying her motion for leave to file a third-party complaint, and (6) applying section 2—611 instead of Supreme Court Rule 137 (Rule 137) (134 Ill. 2d R. 137).

Prior to the initial appeal, the parties entered into a settlement resolving their underlying dispute. The Trustee thereafter petitioned the court for its expenses. The Estates cross-claimed against Carr, asserting "she should pay the Trustee's expenses because she took a groundless position causing the litigation." *Carr*, 254 Ill. App. 3d at 678. The Estates neither admitted nor denied the Trustee was entitled to fees but asserted Carr was liable. At the time, the Trustee's fees were $9,969.60. The court granted the Trustee's petition for fees on October 21, 1987, but did not rule on the Estates' cross-claim. The Trustee subsequently filed a supplement to its petition for fees.

On March 14, 1988, Carr responded to the Trustee's petition for fees, contending the Trustee was not entitled to fees because a control sheet generated by the Trustee "confused" her in that it indicated that unanimous consent of the beneficiaries was required. Based on this claim, the circuit court vacated its October 21, 1987, order granting the Trustee fees and set the matter for trial. Following trial, the court determined the Trustee properly filed suit and Carr failed to demonstrate that unanimity was required under the terms of the trust. The court also found in favor of the Trustee as against all beneficiaries, and in favor of the Estates as against Carr. These findings were affirmed on direct appeal. *Carr*, 254 Ill. App. 3d at 678.

Prior to the initial appeal, the Estates filed a section 2—611 petition for sanctions against Carr because she had asserted a groundless claim of "confusion." On October 16, 1991, the circuit court continued all petitions for fees and sanctions until this court had ruled on Carr's direct appeal.

Following the disposition in *Carr,* the Estates filed a second amended section 2—611 petition for sanctions (petition for sanctions), asserting Carr had failed to make a reasonable inquiry into the facts to support her claim of "confusion" and requesting fees from March 14, 1988, to December 31, 1993. Attached to the petition for sanctions were the affidavits and billing records of the Estates' attorneys. Carr moved to strike and dismiss the Estates' petition for sanctions, which was denied by the circuit court. Carr thereafter filed a response to the petition for sanctions, contesting a violation of section 2—611, and moved for leave to file a third-party complaint, which was denied by the court as dilatory, barred by *laches,* "in violation of the time limits provided by Supreme Court Rules and an abuse of process."

At the hearing on the Estates' petition for sanctions, the circuit court initially permitted Carr to argue "in support of the position that this is a hearing for something other than the reasonableness of fees." Carr's counsel unsuccessfully asserted the court should hold an evidentiary hearing to determine whether or not Carr assumed a groundless position in the underlying litigation. The court noted that the matter had been decided by the appellate court and there was "no question that there is a 2—611 violation." The court then entered judgment for the Estates in the amount of $98,755.50, the amount claimed in the Estates' petition for sanctions and unrebutted by Carr. Carr appeals.

I

Carr initially contends the circuit court erred in denying her section 2—615 motion to strike and dismiss the Estates' petition for sanctions because the Estates failed (1) to specify which fees were incurred by reason of Carr's groundless claim, and (2) to plead an essential element of section 2—611.

■ No action should be dismissed on a motion pursuant to section 2—615 for failure to state a cause of action unless it clearly appears that no set of facts can be proved under the pleadings which will entitle plaintiff to relief. *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.,* 256 Ill. App. 3d 821, 824, 628 N.E.2d 1121 (1993). When deciding a motion to dismiss, all well-pleaded facts in the complaint will be regarded as true and all reasonable inferences will be considered correct. *Krasinski v. United Parcel Service, Inc.,* 124 Ill. 2d 483, 485-86, 530 N.E.2d 468 (1988). The complaint is deficient when it fails to allege the facts necessary for plaintiff to recover. *People ex rel. Fahner v. Carriage Way West, Inc.,* 88 Ill. 2d 300, 308, 430 N.E.2d 1005 (1981). The grant or denial of a section 2—615 motion is within the sound discretion of the circuit

court. *Evers v. Edward Hospital Ass'n*, 247 Ill. App. 3d 717, 724, 617 N.E.2d 1211 (1993).

■ ■ A section 2—611 motion for attorney fees must meet minimum requirements of specificity so that a responding party has an opportunity to challenge and defend against the allegations made and so that fees and costs may be apportioned fairly. *Brandel Realty Co. v. Olson*, 159 Ill. App. 3d 230, 235, 512 N.E.2d 85 (1987). A section 2—611 petition must state specifically which statements were falsely made and what fees were incurred as a result of such statements. *Laurence v. Flashner Medical Partnership*, 206 Ill. App. 3d 777, 787, 565 N.E.2d 146 (1990). The movant bears the burden of proving entitlement to fees and costs. *Johnson v. La Grange State Bank*, 73 Ill. 2d 342, 366-67, 383 N.E.2d 185 (1978). A circuit court's decision to grant or deny a motion for sanctions will not be overturned unless it can be shown that the court abused its discretion. *Pole Realty Co. v. Sorrells*, 84 Ill. 2d 178, 184-85, 417 N.E.2d 1297 (1981).

Carr maintains the Estates' petition for sanctions fails to specify the attorney fees incurred as a result of her false statements because the Estates merely included every hour of work since March 14, 1988, without demonstrating how the fees were related to Carr's improper pleadings.

■ At the time Carr filed her pleading contending she was confused by the Trustee's control sheet, the only issues remaining before the circuit court were the amount of the Trustee's fees and the Estates' cross-claim against Carr, which asserted that Carr was solely liable for the Trustee's fees. As a result of Carr's claim, the court vacated its earlier order granting attorney fees to the Trustee. Although Carr contends the Estates' petition for sanctions failed to account for the fact that the Estates initiated a cross-claim against Carr and also agreed with her position that the Trustee was not entitled to fees in the initial appeal, Carr asserted her confusion defense in response to the Trustee's petition for fees. See *Carr*, 254 Ill. App. 3d at 678. As a result of this groundless claim, Carr single-handedly extended this litigation over an eight-year period. The Estates' filing of a cross-claim against Carr, asserting the Trustee was not entitled to fees, does not alter the equation because if the Estates had not filed a cross-claim against Carr, they would have been precluded, by principles of *res judicata*, from asserting that Carr was responsible for the Trustee's fees. Had Carr not raised her groundless claim, the only issue remaining was the amount of the Trustee's fees and who was responsible for them; the court had previously determined, by its order of October 21, 1987, the Trustee was entitled to fees. Not only did Carr's claim of confusion expose the

Estates to the possibility of being liable for the Trustee's mushrooming attorney fees but, also, if Carr's confusion defense was valid, the Estates would have been solely liable for the Trustee's fees. Consequently, the Estates were required to contest the Trustee's fees. Carr also failed to present any evidence contesting the affidavits of the Estates' attorneys and the circuit court could properly accept the unrebutted affidavits of the Estates' attorneys. See *Aroonsakul v. Flanagan*, 155 Ill. App. 3d 223, 229, 507 N.E.2d 1 (1987).

Carr contends the Estates failed to allege her pleading was filed for an "improper purpose." A party seeking to recover attorney fees under section 2—611, however, has the burden of proving that his opponent made untrue allegations without reasonable cause. *In re Estate of Wernick*, 127 Ill. 2d 61, 76, 535 N.E.2d 876 (1989); see also *In re Estate of Hoover*, 155 Ill. 2d 402, 615 N.E.2d 736 (1993) (construing Rule 137). Carr's contention must be rejected. The circuit court did not abuse its discretion in denying Carr's motion to strike and dismiss the Estates' petition for sanctions.

## II

Carr next argues the circuit court erred in denying her an evidentiary hearing as to whether she had violated section 2—611.

■ In order to determine whether sanctions are proper under section 2—611, the circuit court generally must conduct a hearing to determine whether an untrue statement was made without reasonable cause. *Fried v. Barad*, 187 Ill. App. 3d 1024, 1029, 543 N.E.2d 1018 (1989). If proof can be made, however, on the basis of pleadings or trial evidence, an additional hearing is not required. *Barad*, 187 Ill. App. 3d at 1029.

Carr contends there is a distinction between a finding that her claim was groundless and a finding that she violated section 2—611, relying upon *Webbe v. First National Bank & Trust Co.*, 139 Ill. App. 3d 806, 487 N.E.2d 711 (1985) (*Webbe*). As in the present case, *Webbe* involved a trust agreement and a determination that the trustee was entitled to reimbursement for attorney fees and costs due to the assertion of a groundless defense. In *Webbe*, plaintiff's claim was groundless, but the court reversed the circuit court's finding that plaintiff was personally responsible for fees pursuant to section 2—611, because the circuit court's "finding that the complaint and amended complaint were untrue" was not "technically correct." 139 Ill. App. 3d at 812. Specifically, the pleadings the circuit court had found false were "simply averments of fact describing the parties and their circumstances and *were admitted by defendants.*" (Emphasis added.) 139 Ill. App. 3d at 812.

*Webbe* is readily distinguishable from the present case. The Estates never admitted or stipulated that Carr's claim of confusion was valid or that Carr's claim was a mere misstatement of fact. Carr's claim was her personal defense against the Trustee's petition for fees. A finding that a claim is groundless is not tantamount to a finding of a section 2—611 violation; yet the circuit court in the present case specifically found that Carr's *"allegation* that [Trustee] *** confused her"* was groundless. (Emphasis added.) The court observed that Carr's position was unsupported "in fact or law." These findings were affirmed on direct appeal and have become the law of the case. *Kennedy v. First National Bank*, 259 Ill. App. 3d 560, 563, 631 N.E.2d 813 (1994). The circuit court's findings prior to the initial appeal establish that Carr had filed a pleading which was not based in law or fact and, therefore, was groundless. Carr asserts the issue is whether she filed her pleadings after making a reasonable inquiry that was well grounded in fact and law. The court's initial finding observed, however, that Carr "has failed to present the evidence of fault on [Trustee's] part which would warrant denial of its petition for fees." *Carr*, 254 Ill. App. 3d at 685. Carr's testimony revealed that "she wanted unanimous consent to be required," but "she had never paid attention to what was required under the trust agreement." *Carr*, 254 Ill. App. 3d at 684. In *Carr*, we affirmed the circuit court's determination that nothing in Carr's "testimony even purports to support Carr's assertion that she was confused by [Trustee's] documents." *Carr*, 254 Ill. App. 3d at 685. The circuit court could determine on the basis of pleadings and trial evidence that an additional hearing was not required and that Carr had filed a pleading in violation of section 2—611. See *Barad*, 187 Ill. App. 3d at 1029.

### III

Carr next argues the circuit court erred in granting the Estates' section 2—611 petition for sanctions.

### A

■ The imposition of attorney fees is proper where movant demonstrates his opponent has pled statements which he knew, or should have known, to be untrue. *Webbe v. First National Bank & Trust Co.*, 139 Ill. App. 3d 806, 812, 487 N.E.2d 711 (1985). Section 2—611 seeks to prevent vexatious actions based upon false statements, without legal foundation, thus causing an undue burden on the opponent to disprove such allegations. *Webbe*, 139 Ill. App. 3d at 812. Section 2—611 is penal in nature and should be invoked only in those cases falling strictly within its terms. *Webbe*, 139 Ill. App. 3d at 812. The grant or denial of a section 2—611 motion is within the

sound discretion of the circuit court. *Chicago City Bank & Trust Co. v. Pick*, 235 Ill. App. 3d 252, 257, 602 N.E.2d 484 (1992).

Carr contends although she was unsuccessful in asserting confusion initially, the Estates have failed to prove that she did not make a reasonable inquiry. Carr asserts the Trustee's control sheet indicated unanimous consent was required and, therefore, she asserted unanimity was required and later, she was confused by the control sheet. The circuit court's findings, however, indicate Carr was unable to "show that she was confused by the control sheet," and nothing in Carr's testimony "even purports to support [her] assertion that she was confused by [Trustee's] documents." *Carr*, 254 Ill. App. 3d at 684-85. The evidence at trial demonstrated that Carr:

> "failed to provide any legal authority to support her position. Carr herself testified that she told [her attorney] she wanted unanimous consent to be required; she had no opinion prior to that time whether unanimous consent was required; she had never paid attention to what was required under the trust agreement and had not received an opinion by [her attorney]; she never spoke to a Trustee representative about this issue and no one ever told her unanimity was required; and she believed unanimous consent was required because previous directions had been unanimous." *Carr*, 254 Ill. App. 3d at 684.

This evidence demonstrates Carr pled statements that she knew, or should have known, to be untrue and contradicts Carr's contention that she did not know the control sheet was not a trust document. Notwithstanding Carr's knowledge about the control sheet, she did not allege the control sheet confused her until two years after locating it. She also failed to discuss with the Trustee whether unanimous consent was required. *Carr*, 254 Ill. App. 3d at 684. Carr asserts the scope of the first trial was whether the Trustee was at fault for filing the declaratory action. The record belies this claim because the circuit court held "Carr had taken a groundless position" and the Trustee was entitled to reasonable fees. *Carr*, 254 Ill. App. 3d at 681.

The circuit court's order in the present case found that (1) Carr's March 14, 1988, pleading "contained groundless claims of 'confusion' "; (2) Carr "failed to make a reasonable inquiry into the facts"; (3) the "pleadings were interposed for an improper purpose, that is, to cause unnecessary delay and needless increase in the costs of litigation"; and (4) the fees charged by the Estates' attorneys were reasonable and "incurred as a direct result of" Carr's groundless pleadings.

Carr's assertions must be rejected. The circuit court did not err in granting the Estates' section 2—611 petition for sanctions.

## B

Carr next argues the circuit court's award of sanctions was improper because the Estates did not present evidence to show the fees and costs that they incurred resulted from the section 2—611 violation. Carr's contentions here mirror those arguments advanced in part I of this opinion; for the reasons aforementioned, the circuit court's award of sanctions was proper.

## IV

Carr next asserts the circuit court erred in denying her a hearing as to the reasonableness of the Estates' fees.

■ In assessing the reasonableness of fees, the circuit court should consider a variety of factors; the court is permitted to use its own knowledge and experience to assess the time required to complete particular activities; and a reviewing court may not reverse an award of attorney fees merely because it may have reached a different conclusion. *Olsen v. Staniak*, 260 Ill. App. 3d 856, 865-66, 632 N.E.2d 168 (1994). The determination of attorney fees is within the discretion of the court. See *Aroonsakul v. Flanagan*, 155 Ill. App. 3d 223, 229, 507 N.E.2d 1 (1987).

Carr maintains she was denied the opportunity to cross-examine the affiants regarding their fees, relying upon *Olsen v. Staniak*, 260 Ill. App. 3d 856, 865-66, 632 N.E.2d 168 (1994), and *Fried v. Barad*, 187 Ill. App. 3d 1024, 1029, 543 N.E.2d 1018 (1989). Although *Barad* holds that an evidentiary hearing on the reasonableness of fees is required because the issue of reasonableness is a matter of proof which should be subject to cross-examination (187 Ill. App. 3d at 1030), the circuit court's acceptance of unrebutted affidavits of counsel as to fees, in the absence of an evidentiary hearing, is within its discretion (see *Aroonsakul v. Flanagan*, 155 Ill. App. 3d 223, 229, 507 N.E.2d 1 (1987)). In *Staniak*, the circuit court reduced an attorney's fees pursuant to section 2—611 after holding a hearing and matching "those expenses related to defending the frivolous pleadings." *Staniak*, 260 Ill. App. 3d at 866. In *Staniak*, the circuit court did not abuse its discretion in independently matching fees to frivolous pleadings notwithstanding the nonmovant's failure to provide any rebuttal evidence to the attorney's affidavit. Unlike *Staniak*, the circuit court in the present case did not independently have to match fees to frivolous pleadings because the Estates asserted that Carr was liable for all fees incurred since the filing of her groundless claim. Carr did not present any evidence or counteraffidavits to contradict the evidence submitted by the Estates and the circuit court was justified in relying upon the unrebutted affidavits of the Estates' attorneys. See *Aroonsakul*, 155 Ill. App. 3d at 229.

Carr submits the affidavits of the Estates' attorneys violate Supreme Court Rule 191. 145 Ill. 2d R. 191. Carr failed to raise this issue in the circuit court. See *Liddle v. Cepeda*, 251 Ill. App. 3d 892, 896, 623 N.E.2d 849 (1993). The circuit court did not err in denying Carr a hearing as to the reasonableness of the Estates' attorney fees.

## V

Carr next asserts the circuit court erred in denying her motion to file a third-party complaint. Carr submits Supreme Court Rule 183 and section 2—406(b) of the Code of Civil Procedure (section 2—406(b)) (735 ILCS 5/2—406(b) (West 1994)) govern this issue although her motion to file a third-party complaint was not made pursuant to any specific section of the Code of Civil Procedure.

■ Section 2—406(b) provides that a defendant may file a third-party complaint "[w]ithin the time for filing his or her answer or thereafter by leave of court" against a party "who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." 735 ILCS 5/2—406(b) (West 1994). A necessary party is an individual or entity having a present, substantial interest in the matter being litigated, and in whose absence complete resolution of the subject matter in controversy cannot be achieved without affecting that interest. *Brumley v. Touche Ross & Co.*, 123 Ill. App. 3d 636, 463 N.E.2d 195 (1984). The denial of a motion to file a third-party complaint will not be regarded as error absent a manifest abuse of discretion. *Winter v. Henry Service Co.*, 143 Ill. 2d 289, 573 N.E.2d 822 (1991).

Supreme Court Rule 183 provides that a court "may extend the time for filing any pleading." 134 Ill. 2d R. 183. The movant must demonstrate that there is "good cause" for allowing the extension. *Waterford Executive Group, Ltd. v. Clark/Bardes, Inc.*, 261 Ill. App. 3d 338, 347, 633 N.E.2d 1003 (1994). The grant or denial of a motion for an extension is within the sound discretion of the circuit court. *Clark/Bardes, Inc.*, 261 Ill. App. 3d at 347. Inadvertence, mistake, or absence of prejudice to the opposing party or inconvenience to the circuit court does not constitute "good cause." *Clark/Bardes, Inc.*, 261 Ill. App. 3d at 347.

The Estates filed their initial petition for sanctions on January 17, 1991. The Estates' second amended petition for sanctions was filed on January 21, 1994. More than one year later, Carr moved for leave to file a third-party complaint on May 9, 1995. At the time, the Estates' petition for sanctions was set for hearing on July 17, 1995. The circuit court precluded argument and denied the motion as being untimely.

Carr contends the circuit court abused its discretion because the third party, Henry Synek, was Carr's counsel who signed the two pleadings setting forth her confusion claim. Carr knew of the Estates' original petition for sanctions on January 17, 1991, but she did not move the court for leave to file a third-party complaint until May of 1995. Neither Carr's motion nor her third-party complaint set forth any bases to permit the filing of the third-party complaint four years after the initial pleading.

Carr submits Synek is a necessary party but has not cited any case law to support this proposition, in violation of Supreme Court Rule 341(e)(7). 134 Ill. 2d R. 341(e)(7). Notwithstanding this omission, section 2—611 sanctions were imposed against Carr for failing "to make a reasonable inquiry into *the facts* before filing the \*\*\* pleadings." (Emphasis added.) Carr was not sanctioned for taking a position unsupported by existing law. Further, Synek was not the attorney who allegedly advised Carr regarding unanimity prior to the initial appeal. See *Carr*, 254 Ill. App. 3d at 680. The circuit court did not err in denying Carr's motion for leave to file a third-party complaint.

## VI

■ Carr next contends the circuit court improperly applied section 2—611, instead of Rule 137, and, further, it is unconstitutional to apply section 2—611 because it was repealed in 1989.

Notwithstanding Carr's failure to raise this argument in the circuit court (see *Liddle v. Cepeda*, 251 Ill. App. 3d 892, 896, 623 N.E.2d 849 (1993)), and her lack of case law and argument in her appellate brief (see 134 Ill. 2d R. 341(e)(7); *Wilson v. Continental Body Corp.*, 93 Ill. App. 3d 966, 418 N.E.2d 56 (1981)), Carr's contention must be rejected because a motion for sanctions relating to a pleading filed prior to August 1, 1989, is properly analyzed under section 2—611 of the Code of Civil Procedure; Rule 137 applies to offensive pleadings filed on or after its effective date, August 1, 1989. *Chicago City Bank & Trust Co. v. Pick*, 235 Ill. App. 3d 252, 256, 602 N.E.2d 484 (1992).

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

DiVITO and BURKE, JJ., concur.