(No. 71959.—

SUPERIOR BANK FSB, f/k/a Lyons Federal Trust and Savings Bank, Appellee, v. JULIAN GOLDING et al. (Lord, Bissell & Brook et al., Appellants).

*Opinion filed October 22, 1992.—Rehearing denied November 30, 1992.*

Lord, Bissell & Brook, of Chicago (R.R. McMahan, Hugh C. Griffin, Sandra K. Macauley and Terrence P. Canade, of counsel), for appellants.

Kevin W. Horan, of Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Superior Bank FSB (the Bank) brought this action in the circuit court of Du Page County against, among others, Lord, Bissell & Brook, a law firm, and Elizabeth Williams, a notary public employed by Lord, Bissell & Brook. The Bank sought damages for negligence and misrepresentation. Pursuant to section 2—619 of the Code of Civil Procedure, the circuit court dismissed, with

prejudice, the Bank's causes of action against each of the defendants, because they were time-barred pursuant to the five-year statute of limitations set forth in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—205).

The appellate court reversed the circuit court (No. 2—90—0859 (unpublished order under Supreme Court Rule 23)), finding that the Bank's causes of action against Lord, Bissell & Brook and Williams (the defendants) were brought within the five-year period of section 13—205. This court granted the defendants' petition for leave to appeal (134 Ill. 2d R. 315).

The background of the commercial transaction which gives rise to plaintiff's action against the defendants will be recited briefly so that this case may be placed in a proper perspective.

In 1983, Gash Associates, a partnership, applied to the Bank for a $2.5 million mortgage loan secured by real estate in Rosemont, Illinois. As a condition to granting the loan, the Bank required a legal opinion from counsel for Gash Associates regarding the legally binding effect of the actions of the partnership and the individual partners, and the genuineness of the documents and signatures of the partners. In addition, the Bank required the individual personal guaranties of the four partners. One of the partners, William Horwitz, executed a guaranty which was notarized by defendant Williams, an employee of defendant Lord, Bissell & Brook. The acknowledgment states as follows:

"ACKNOWLEDGMENT

I, the undersigned, a Notary Public in and for and residing in said County and State, DO HEREBY CERTIFY that WILLIAM HOROWITZ [sic], personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such person and they appeared before me this day in person and acknowledged

that they signed and delivered said instrument as their own free and voluntary act.

GIVEN under my hand and notorial seal this 5th day of October, 1983.

s/ [Elizabeth Williams]

Notary Public

My Commission Expires: July 6, 1987"

The legal opinion of defendant Lord, Bissell & Brook asserts that the guaranty is a legally binding obligation of Horwitz. The legal opinion and guaranty were given to the Bank on or about October 5, 1983.

Not long after the loan transaction was completed, Gash Associates defaulted on the loan and the Bank foreclosed on its mortgage. The foreclosure sale of the Rosemont property failed to produce the amount outstanding on the loan. Accordingly, a deficiency judgment was entered in favor of the Bank for approximately $1.9 million, representing the difference between the amount obtained at the foreclosure sale and the amount Gash Associates owed to the Bank. On June 19, 1987, the Bank filed the instant action against the four individual partners of Gash Associates to recover the deficiency based on their personal guaranties. On November 13, 1987, Horwitz filed an answer to the Bank's complaint. He alleged that he did not execute the guaranty and, therefore, it is not binding on him.

On April 27, 1990, the Bank amended its complaint to add Lord, Bissell & Brook and Williams as defendants. The Bank's first amended complaint contained three counts. Count I, which is not at issue in this appeal, alleged that the partners, including Horwitz, were liable for the amount of the deficiency judgment, pursuant to their guaranties. Count II alleged the negligence of Lord, Bissell & Brook and Williams in the notarization of the Horwitz signature and sought damages. Count III alleged misrepresentation on the part of Lord, Bissell &

Brook based on the statements it made in its opinion letter concerning the legally binding effect of the Horwitz guaranty and also sought damages.

Williams and Lord, Bissell & Brook moved to dismiss counts II and III of the amended complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). The defendants asserted that the Bank's claims against them were barred by the five-year statute of limitations set forth in section 13—205. The defendants contended that the Bank's causes of action *accrued on October 5, 1983*, when Williams is alleged to have wrongfully notarized Horwitz's purported signature, and Lord, Bissell & Brook is alleged to have wrongfully given its legal opinion which asserted the legally binding effect of Horwitz's personal guaranty. According to the defendants, the period for filing these actions thus expired five years later, on October 5, 1988, making counts II and III of the April 27, 1990, complaint untimely. Alternatively, the defendants argued that counts II and III were insufficient as a matter of law and should be dismissed pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615).

The trial court dismissed counts II and III with prejudice, finding that the limitations period set forth in section 13—205 had expired by the time the bank filed its amended complaint against Lord, Bissell & Brook and Williams on April 27, 1990. The trial court did not rule on the defendants' section 2—615 motion to dismiss. Thus, the issue of whether counts II and III are sufficient under section 2—615 is not a part of the appeal to this court.

The issue now before this court is whether the Bank's claims against Lord, Bissell & Brook and Williams were filed within the applicable limitations period. Section 13—205 states, in relevant part:

"[A]ll civil actions not otherwise provided for, shall be commenced *within 5 years next after the cause of action accrued.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 13—205.)

The parties agree that section 13—205 is the applicable limitations period. The only dispute is the date on which the limitations period commenced.

The personal guaranties, notarization, legal opinion and closing of the loan transaction took place on or about October 5, 1983. After default, the Bank foreclosed. When a deficiency occurred, it proceeded on the individual guaranties of the partners. During this proceeding, Horwitz, in his defense, asserted that he did not sign the guaranty and that it is not his guaranty. Horwitz raised this defense on November 13, 1987. The record does not indicate whether or not this case has been decided regarding the affirmative defense of Horwitz. We must assume that it is pending and undetermined.

On April 27, 1990, the Bank amended its complaint to add counts II and III against Williams and Lord, Bissell & Brook on the acknowledgment of the genuineness of Horwitz's signature by way of notarization and legal opinion. If the evidence at Horwitz's trial establishes that Horwitz's signature and guaranty is genuine, counts II and III must fail.

In counts II and III, the Bank alleges that if the guaranty of Horwitz does not bear his signature and is not binding on him, then the opinion of Lord, Bissell & Brook and acknowledgment of Williams are acts of misrepresentation or negligence and, therefore, actionable.

Defendants contend that the Bank's cause of action *accrued on October 5, 1983*, when the notary acknowledgment and the legal opinion were made. The Bank asserts that the cause of action against Lord, Bissell & Brook and Williams *accrued on November 13, 1987*,

when Horwitz filed his answer and affirmative defense that the signature on the guaranty was not his and therefore it is not his guaranty.

Section 13—205 requires that plaintiff's action against the defendants "shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1989, ch. 110, par. 13—205.) Therefore, it is critical to determine whether the Bank's cause of action against defendants Lord, Bissell & Brook and Williams "*accrued*" in October 1983, as the defendants contend.

The Code of Civil Procedure is to be construed liberally, to the end that controversies are determined based upon the substantive rights of the parties. (Ill. Rev. Stat. 1989, ch. 110, par. 1—106; *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59.) The Code contains specific provisions which facilitate the disposition of cases based upon the substantive rights of the parties. For example, the Code provides that parties may be added, as additional defendants, when necessary to resolve a claim that arose out of the same transaction or series of transactions, like the case at bar. (Ill. Rev. Stat. 1989, ch. 110, par. 2—405.) Additionally, a complaint, whether comprised of one or more counts, may include a prayer for relief in the alternative. (Ill. Rev. Stat. 1989, ch. 110, par. 2—604.) Further, the Code provides that pleadings shall be liberally construed so that disputes may be determined on their merits and not summarily dismissed. (Ill. Rev. Stat. 1989, ch. 110, par. 2—603(c).) These provisions further the policy behind the Code of settling disputes based on the merits of the parties' respective positions, rather than on procedural grounds. Ill. Rev. Stat. 1989, ch. 110, par. 1—106; *Schultz v. Continental Casualty Co.* (1979), 79 Ill. App. 3d 1035, 1038 (the Code is designed and intended to permit controversies to be determined according to substantial justice between the parties).

The case at bar arose out of a series of transactions which commenced with the foreclosure of the mortgage by the Bank against the partnership. When that action resulted in a deficiency judgment against the partnership, the Bank commenced this proceeding against the four individual partners to enforce their individual guaranties. Partner Horwitz, in his defense, alleged that he did not make the individual guaranty to the Bank and that his signature was a forgery. This defense was raised on November 13, 1987.

Horwitz's defense, raised in his answer on November 13, 1987, put the Bank on notice for the first time of the *possibility* of a cause of action against Lord, Bissell & Brook and Williams. By amending its complaint on April 27, 1990, the Bank added Lord, Bissell & Brook and Williams as defendants because they were necessary parties to resolve the defense raised by Horwitz. The pleading is in the alternative and relief is sought against Horwitz or, in the alternative, against Lord, Bissell & Brook and Williams.

Defendants' argument that the Bank's cause of action against them *accrued* on October 5, 1983, is misplaced.

Here, the Bank relied upon its ability to hold the partners of Gash Associates personally liable for repayment of the loan in the event Gash Associates defaulted. One of the partners against whom the Bank expected to recover in the event of a default was Horwitz. According to the Bank's complaint, the Bank had in its possession a document purportedly signed by Horwitz which guaranteed repayment of the loan. The Bank had no reason to question the genuineness of the Horwitz signature, as it was notarized by Williams. According to the complaint, the Bank also received an opinion letter from Lord, Bissell & Brook asserting that the loan documents, including the guaranties, had been duly executed and were valid, binding documents in accordance with their terms.

The Bank would not have agreed to make the loan to Gash Associates had it known that Horwitz could not be held personally liable for repayment.

The Bank's principal target is Horwitz, who was a partner in Gash Associates and to whom the Bank loaned a substantial amount of money. Horwitz raised the issue of the forgery of his signature. It is his burden to establish that fact. At this stage of the proceedings, that burden remains.

Defendants Lord, Bissell & Brook and Williams cannot argue that the cause of action for the alleged forgery accrued on October 5, 1983 (the date of the loan closing), because the legal opinion and acknowledgment by the notary delivered at the closing contradict that such a forgery occurred. In fact, it remains to be seen whether a forgery actually did occur.

The Bank became aware of the possibility of a forgery on November 13, 1987. This caused it to join Lord, Bissell & Brook and Williams as defendants and plead a cause of action against them in the alternative.

It would be inequitable to summarily dismiss the Bank's action against defendants Lord, Bissell & Brook and Williams with prejudice at this time. If Horwitz's guaranty turns out to be a forgery, the Bank would be left without a remedy. We express no opinion on the ultimate outcome of this litigation. However, the purpose of the Code of Civil Procedure is to encourage the trial of cases on their merits and to avoid premature summary dismissals which would frustrate the search for truth. See Ill. Rev. Stat. 1989, ch. 110, par. 1—106; *Schultz v. Continental Casualty Co.* (1979), 79 Ill. App. 3d 1035, 1038.

The five-year limitations period set forth in section 13—205 could not *accrue* until the Bank knew or reasonably should have known that it was injured and that the injury was wrongfully caused. (*Knox College v. Celotex*

*Corp.* (1981), 88 Ill. 2d 407, 414-16, citing *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 170-71; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.) The parties do not dispute that, for the first time, on November 13, 1987, the Bank was alerted by Horwitz's answer to the possibility that it had been wrongfully injured by Lord, Bissell, & Brook and Williams. Therefore, November 13, 1987, is the earliest date on which the Bank's cause of action against Lord, Bissell, & Brook and Williams could accrue and the statute of limitations begin to run. Thus, the Bank would have at least until November 13, 1992, to bring its claims against defendants. Therefore, counts II and III of the Bank's April 27, 1990, amended complaint were timely.

The appellate court's judgment, reversing the circuit court's dismissal of counts II and III, is affirmed.

*Affirmed.*