PIONEER BANK AND TRUST COMPANY, Plaintiff, v. AUSTIN BANK OF CHICAGO, as Trustee, *et al.*, Defendants (Robbins, Salomon and Patt, Ltd., Counterplaintiff-Appellant; Allen E. Leving *et al.*, Counterdefendants-Appellees).

First District (1st Division)   No. 1—94—3980

Opinion filed March 29, 1996.

Robbins, Salomon & Patt, Ltd., of Chicago (James M. DeZelar and Thomas K. Tryboski, of counsel), for appellant.

Rock, Fusco, Reynolds, Crowe & Garvey, Ltd., of Chicago (Robert L. Pattullo, Jr., and Kevin W. Horan, of counsel), for appellee Ralph J. Weichselbaum.

Canel, Davis & King, of Chicago (Peter M. King and Leslie F. Notaro, of counsel), for appellee Allan E. Leving.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Counterplaintiff Robbins, Salomon & Patt, Ltd. (Robbins), appeals an order of the circuit court of Cook County granting judgment on the pleadings to counterdefendants Allen Leving and Dr. Ralph Weichselbaum. Plaintiff Pioneer Bank & Trust Company (Pioneer

Bank), defendant Austin Bank of Chicago (Austin Bank), counterdefendant Larry Starkman, who along with Leving and Weichselbaum did business as the S&L Partnership (S&L), and the remaining named defendants are not parties to this appeal.

The record on appeal indicates the following facts. On December 4, 1991, Pioneer Bank filed a complaint to foreclose a mortgage on property commonly known as 12530 Fairview Avenue in Blue Island, seeking judgment in the amount of approximately $2.3 million. In count I of the complaint, Pioneer Bank named defendant Austin Bank in its capacity as trustee of the land trust holding the property. Although not expressly stated in the initial complaint, a supplemental complaint alleges that S&L was the sole beneficiary of the land trust. In count II of the complaint, Pioneer Bank named Allen Leving, Dr. Ralph Weichselbaum and Larry Starkman, alleging that they had breached a personal guaranty they executed regarding the underlying note. The record also shows that Leving, Weichselbaum and Starkman are the general partners of S&L.

On September 14, 1992, the trial court entered a mortgage foreclosure decree. On January 11, 1993, the trial court entered an order confirming the sale of the property. The order shows that Pioneer was the high bidder, at approximately $2.3 million, but states there is a deficiency of approximately $350,000. Pioneer Bank obtained a default judgment against Starkman for the entire deficiency on February 7, 1994.

On March 7, 1994, Leving moved for summary judgment on the ground that his signature on the personal guaranty was forged. The record also contains Pioneer Bank's response to a similar motion for summary judgment by Weichselbaum, though the parties do not indicate where that motion appears in the record on appeal. On May 24, 1994, the trial court entered an order granting summary judgment in favor of Leving and Weichselbaum.

However, on February 7, 1994, the same day Pioneer Bank obtained the deficiency judgment against Starkman, Pioneer Bank also filed a supplemental complaint against Robbins. The supplemental complaint alleges that Robbins represented S&L in obtaining the financing for the mortgage and note at issue. The supplemental complaint alleges that Pioneer Bank required the personal guaranty as a condition of providing the financing. The supplemental complaint also alleges that Pioneer Bank required that Robbins execute an opinion letter that the guaranties were duly authorized, executed and delivered, and were valid, legal and binding on the guarantors. Robbins provided such an opinion letter, a copy of which was attached to the pleading. These allegations, and Pioneer's alleged reli-

ance on the opinion letter, formed the basis for claims sounding in negligent misrepresentation and negligence.

On May 3, 1994, Robbins filed its appearance and jury demand. On May 19, 1994, Robbins filed a seven-count counterclaim against Leving, Weichselbaum and Starkman, collectively doing business as S&L. Count I of the counterclaim, which seeks implied indemnity, states in part as follows:

"10. This counterclaim is brought by Robbins against General Partners to obtain recovery against them in the event that Pioneer obtains a recovery against Robbins based upon a finding that either of the signatures is forged on the written guaranty even though Pioneer's complaint against Robbins does not allege that either signature was forged.

11. Robbins has no independent knowledge whether the signature of Leving or Weichselbaum is authentic or forged. Robbins states here upon information and belief that S&L acted at all times herein through Starkman, and that Starkman forged the signatures of Leving and Weichselbaum upon the written guaranties, or caused someone under his direction and control to forge the signatures. Robbins' allegations regarding the genuineness or lack of genuineness of the signatures on the written guaranties, and concerning S&L's acts and omissions in that regard, are made by Robbins in the alternative."

Count II of the counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/1 et seq. (West 1992)). Count III seeks reimbursement for Robbins' defense costs. Count IV alleges that S&L and Robbins entered into a verbal implied-in-fact contract and (in paragraph 16):

"S&L breached the aforementioned agreement in August 1990 by knowingly sending forged written guaranties to Robbins, requesting Robbins to forward the forged written guaranties to Pioneer, and requesting Robbins to opine to Pioneer upon the authenticity of such signatures."

Count V alleges that the counterdefendants were negligent in providing Robbins with accurate information. Count VI sounds in negligent misrepresentation. Count VII sounds in fraud, including the allegation (in paragraph 16):

"Signatures of one or more of the General Partners upon the written guaranties were forged when S&L forwarded the written guaranties to Robbins, and S&L knew that its misrepresentations to Robbins regarding the authenticity of General Partners' signatures were false at the time it made the representations to Robbins."

On July 18, 1994, Leving and Weichselbaum filed motions for

judgment on the pleadings, pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1992)). On October 14, 1994, the trial court granted the motions for judgment on the pleadings, including a finding that there is no just reason to delay enforcement or appeal of the order. Robbins filed a timely notice of appeal to this court.

## I

■ The October 14, 1994, order was entered pursuant to motions for judgment on the pleadings, filed pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1992)). Such a motion raises the issue of the sufficiency of the pleadings. *Daymon v. Hardin County General Hospital*, 210 Ill. App. 3d 927, 932, 569 N.E.2d 316, 319 (1991). Upon consideration of a motion for judgment on the pleadings, the court is to ascertain whether there is an issue of material fact presented by the pleadings, and if there is no such issue, the question is which party is entitled to judgment. *Daymon*, 210 Ill. App. 3d at 932, 569 N.E.2d at 319. The only matter to be considered in ruling on such a motion is the allegations of the pleadings. *Daymon*, 210 Ill. App. 3d at 932, 569 N.E.2d at 319. The question thus presented is whether those pleadings construed most strongly against the movant nevertheless show that there is no factual issue which, if determined against the movant, would prevent entry of judgment on behalf of the movant. *Daymon*, 210 Ill. App. 3d at 932, 569 N.E.2d at 319.

## II

■ On appeal, Robbins first asserts that the motions were untimely because Leving and Weichselbaum had not filed answers to its counterclaim. Robbins cites *Columbus Savings & Loan Ass'n v. Century Title Co.*, 45 Ill. App. 3d 550, 359 N.E.2d 1151 (1977), but that case involved a plaintiff who moved for judgment on the pleadings before the defendants had answered; this court held that the motion was one for a default judgment. This court has stated that a motion for judgment on the pleadings may be addressed to a complaint alone. *Mitchell v. Waddell*, 189 Ill. App. 3d 179, 182, 544 N.E.2d 1261, 1263 (1989). Thus, the motions were not untimely.

## III

Robbins next argues that the trial court erred in making a finding of fact that the signatures at issue had been forged. Robbins points to the paragraphs of its counterclaim, quoted above, that state that Robbins had no independent knowledge of the authenticity of the signatures. Robbins maintains that its allegations in this regard

were made upon information and belief. Leving and Weichselbaum point to other portions of the counterclaim, also quoted above, that assert the forgery as a fact.

■ Robbins' counterclaim is inconsistent. The allegations in paragraphs 10 and 11 of count I assert a lack of knowledge regarding the forgery, but allegations in the remaining counts state the forgery as fact. A party may make inconsistent statements of fact in a pleading when the party is in doubt as to which statement is true. 735 ILCS 5/2—613(b) (West 1992). However, when the nature of the statements is such that the plaintiff must know which statement is true, inconsistent pleading is improper; the pleading will be deemed ambiguous, with any doubt resolved against the pleader. *Church v. Adler*, 350 Ill. App. 471, 483, 113 N.E.2d 327, 333 (1953). Moreover, in this case, if the signatures are not forged, Robbins would not be able to recover as against the counterdefendants because Pioneer Bank would not be able to recover as against Robbins. Thus, given the record on appeal, the trial court did not err in construing the counterclaim as alleging the forgeries as fact.

## IV

■ Robbins argues that the trial court erred in ruling that a partner in an Illinois general partnership cannot be liable for a co-partner's forgery of a personal guaranty of partnership debt. Robbins relies upon *Durant v. Rogers*, 87 Ill. 508 (1877), and *Saikin v. New York Life Insurance Co.*, 45 Ill. App. 3d 1019, 360 N.E.2d 413 (1977). These cases both reflect the principle now embodied in section 13 of the Uniform Partnership Act (Act), that a partnership is liable for the wrongful acts of a partner committed in the ordinary course of partnership business. 805 ILCS 205/13 (West 1992). Furthermore, a partnership may be sued as an entity (735 ILCS 5/2—411 (West 1992)), and all partners are liable jointly and severally for everything chargeable to the partnership under section 13 of the Act (805 ILCS 205/15(a) (West 1992)).

■ *Durant* and *Saikin*, however, are distinguishable insofar as neither involved the forgery of a *personal* guaranty. The parties have not cited any Illinois case addressing the issue of whether allegedly forged personal guaranties were supplied in the ordinary course of the S&L partnership's business. *Superior Bank v. Golding* (1992), 152 Ill. 2d 480, 605 N.E.2d 514, presented facts that are far more similar to this case than the cases cited by the parties. In *Golding*, Superior Bank FSB brought an action against the law firm of Lord, Bissell & Brook and a notary public employed by the firm, seeking damages as a result of the notarization of an individual partner's personal

guaranty of loan to partnership and legal opinion, on which loan was conditioned, that guaranty was legally binding. The issue on appeal before the Illinois Supreme Court was the application of the statute of limitations. However, in *dictum*, the *Golding* court stated that it would be inequitable to summarily dismiss the claim against the law firm because the bank would be left without a remedy if the partner's guaranty turned out to be a forgery. *Golding*, 152 Ill. 2d at 488, 605 N.E.2d at 518. *Golding* suggests that there is no partnership liability for the forgery of a personal guaranty. Accordingly, we conclude that the trial court did not err in so ruling in this case.

## V

■ Finally, Robbins contends that the trial court erred in failing to consider a number of acts and omissions alleged against the partnership, *e.g.*, the partnership's alleged failure to use reasonable care in inquiring of each partner individually whether his signature on the guaranty was genuine. The only authorities Robbins cites in its brief are section 15 of the Act and the general rule that judgment on the pleadings will not be granted where there is a triable issue of fact.

The trial court's ruling was based on its interpretation of the Act, including section 15. Moreover, the counterdefendants' failure to file answers meant that the facts alleged in the countercomplaint were not disputed. Although Robbins asserts that counts I through VII allege acts and omissions sufficient to impose liability even if the signatures were forged, Robbins cites no authority (other than that mentioned above) in support of imposing liability based on the theories alleged in the countercomplaint. Accordingly, counterplaintiff's final argument is waived.

For all the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and WOLFSON, JJ., concur.