SHELTER MANAGEMENT XIX, Plaintiff, v. MUCH SHELIST FREED DENENBERG AND AMENT, P.C., *et al.*, Defendants (Much Shelist Freed Denenberg and Ament, P.C., *et al.*, Third-Party Plaintiffs-Appellants, v. Lawrence J. Starkman *et al.*, Third-Party Defendants-Appellees).

First District (6th Division)  Nos. 1—97—0163, 1—97—3324 cons.

Opinion filed December 31, 1998.—Modified on denial of rehearing April 16, 1999.

Anthony G. Barone and Alan B. Ronson, both of Bollinger & Ruberry, of Chicago, for appellants.

Peter M. King, William H. Jones, and Leslie F. Notaro, all of Canel, Davis & King, of Chicago, for appellees Allan E. Leving and Leslie Levin.

Robert L. Pattullo and Kevin W. Horan, both of Rock, Fusco, Reynolds & Gravey, Ltd., of Chicago, for appellee Ralph Weischelbaum.

Jeffrey Cole and Seth N. Kaberon, both of Cole & Staes, Ltd., of Chicago, for appellee James J. Starkman.

JUSTICE BUCKLEY delivered the opinion of the court:

These consolidated appeals are based on the same underlying action initiated by plaintiff Shelter Management XIX (Shelter), against defendants Much Shelist Freed Denenberg & Ament, P.C., Morrie Much, James Matanky, Kathleen A. Rusnarczyk and Mary Ball (Shelter defendants). Shelter defendants, excluding Ball, then brought a third-party complaint against third-party defendants Lawrence J. Starkman, Allan E. Leving, Ralph Weischelbaum and Leslie Levin seeking to recover damages for third-party defendants' conduct which caused Shelter defendants to notarize third-party defendants' forged personal guaranties, inducing Shelter to accept them.

Third-party defendants moved for summary judgment on the pleadings pursuant to section 2—615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—615 (West 1996). The circuit court granted the motion and entered judgment for third-party defendants. Third-party plaintiffs appeal.

Third-party plaintiffs now raise the following issues: (1) whether the circuit court erred in dismissing count V of the third-party complaint, which sought recovery from all third-party defendants pursuant to sections 13 and 15 of the Illinois Uniform Partnership Act (the Act) (805 ILCS 205/13, 15 (West 1996)); (2) whether the circuit court erred in failing to consider well-pleaded allegations in the third-party complaint which alleged that the guaranties were not forged; and (3) whether the circuit court erred in dismissing the contribution and implied indemnity claims asserted against third-party defendants.

At all times relevant, Shelter, an Illinois limited partnership, was the holder of a promissory note in the principal amount of $215,000. The note was made and executed by the 6926 North Wayne Street Partnership (the partnership).

The partnership was formed by third-party defendants, Lawrence J. Starkman, Allan E. Leving, Ralph Weischelbaum and Leslie Levin. The partnership made and executed the note securing a purchase money mortgage to buy a piece of real estate located at 6926 North Wayne Street in Chicago, Illinois. In order to secure the note, third-party defendants agreed to execute and deliver individual personal guaranties to Shelter. The partnership's attorneys, James E. Matanky and Morrie Much, attorneys with the law firm of Much Shelist Freed Denenberg & Ament, P.C. (Much Shelist), prepared the guaranties. Much Shelist sent the guaranties to Starkman for execution by third-party defendants. Starkman thereafter returned the executed guaranties to Much Shelist and directed that they be notarized. Kathleen A. Rusnarczyk, an employee of Much Shelist and a notary, notarized the guaranties of Leving and Weischelbaum.

The guaranty of Levin was notarized by Mary Ball. At all relevant times, Ms. Ball was an employee of a currency exchange owned by third-party defendants Leving and Levin. Levin was Ball's supervisor.

After the partnership defaulted on the note, Shelter initiated an action against third-party defendants to enforce payment under the personal guaranties. Starkman settled with Shelter. Leving, Weischelbaum and Levin raised as a defense that the signatures on their guaranties were forged. The claims against Leving, Weischelbaum and Levin were ultimately dismissed.

On July 25, 1995, Shelter filed a complaint against Much Shelist Freed Denenberg & Ament, P.C., Morrie Much, James Matanky, Kathleen A. Rusnarczyk and Mary Ball for allegedly notarizing the guaranties outside the presence of the guarantors. Shelter alleged that Rusnarczyk and Ball violated the Illinois Notary Public Act (5 ILCS 312/ 6—102 (West 1996)) by swearing under oath that they witnessed the signing of the guaranties when, in fact, they did not; that Matanky, Much and Much Shelist violated the Notary Public Act as the employers of Rusnarczyk; and that the currency exchange violated the Notary Public Act as the employer of Ball.

Much, Matanky, Rusnarczyk and Much Shelist (third-party plaintiffs) then filed a third-party complaint against third-party defendants, claiming that it was third-party defendants' misconduct that rendered third-party plaintiffs potentially liable to Shelter. In their complaint, third-party plaintiffs allege that, if they are found liable to Shelter, then they would have a right to indemnity and contribution against all third-party defendants.

Third-party defendants moved to dismiss the third-party complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—615 (West 1996). Third-party defendants argued that third-party plaintiffs could not seek indemnity because (1) there was no contractual indemnity, and (2) implied indemnity was unavailable because each of Shelter's claims against third-party plaintiffs was fault-based, and parties at fault to any extent are barred from obtaining equitable indemnity. Third-party defendants also argued that contribution was unavailable because all of Shelter's claims against third-party plaintiffs were based on either intentional acts or nontort theories of liability; contribution is only available for nonintentional tort liability.

On December 11, 1996, the circuit court dismissed the third-party complaint with prejudice against all third-party defendants, finding that Shelter's complaint against third-party plaintiffs alleged intentional acts rather than negligence. Thus, third-party plaintiffs cannot seek contribution and/or indemnity from third-party defendants.

■ The dismissal of a complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)) is appropriate where the plaintiff's complaint fails to state a cause of action. See *Heritage Pullman Bank & Trust Co. v. Carr*, 283 Ill. App. 3d 472, 476, 670 N.E.2d 814, 817 (1996). In ruling on a motion to dismiss, all well-pleaded facts are to be taken as true, and all reasonable inferences will be considered correct. *Heritage Pullman Bank & Trust Co.*, 283 Ill. App. 3d at 476, 670 N.E.2d at 817. The pleading rules applicable to complaints are equally applicable to third-party complaints. *People v. Brockman*, 143 Ill. 2d 351, 365, 574 N.E.2d 626, 631 (1991). The standard of review in such cases is *de novo* because the question of whether a complaint states a valid cause of action is a question of law. *Beck v. Budget Rent-A-Car*, 283 Ill. App. 3d 541, 543-44, 669 N.E.2d 1335, 1338 (1996).

■ On review, we first examine whether the trial court erred in dismissing count V of the third-party complaint, which sought recovery from all the partners in the partnership pursuant to sections 13 and 15 of the Act. 805 ILCS 205/13, 15 (West 1996). Count V alleges that Starkman's conduct of supplying Much Shelist with forged guaranties was undertaken in the ordinary course and scope of the business of the partnership and/or with the express or implied authority of his copartners. Since Starkman's conduct allegedly occurred in violation of the Act, the other third-party defendants are jointly and severally liable to third-party plaintiffs for Starkman's actions. 805 ILCS 205/13, 15 (West 1996). Section 13 of the Act provides in pertinent part as follows:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefore to the same extent as the partner so acting or omitting to act." 805 ILCS 205/13 (West 1996).

Section 15 of the Act provides as follows:

"[A]ll partners are liable:

(1) jointly and severally for everything chargeable to the partnership under Section[ ] 13 ***

(2) jointly for [the] debts and obligations of the partnership ***." 805 ILCS 205/15 (West 1996).

Third-party plaintiffs rely on *Saikin v. New York Life Insurance Co.*, 45 Ill. App. 3d 1019, 360 N.E.2d 413 (1977), for their proposition that all partners are to be held liable when one partner commits forgery for the benefit of the partnership. *Saikin*, 45 Ill. App. 3d at 1023, 360 N.E.2d at 416 (holding innocent co-partners liable for the tortious actions of another partner pursuant to sections 13 and 15 of the Act). In *Saikin*, a general partner forged the signature of another general partner on applications in order to obtain cash advances that were deposited into a partnership checking account. The *Saikin* court recognized that a fraudulent act by one partner, done within the scope of his general partnership authority, will make other partners liable, and held the innocent partners jointly and severally liable for the partner's wrongful act. *Saikin*, 45 Ill. App. 3d at 1023, 360 N.E.2d at 416.

■ The clear and unequivocal pronouncement of section 13 of the Act (805 ILCS 205/13 (West 1996)) is that a partnership is liable for the wrongful acts of a partner committed in the ordinary course of partnership business. Certainly, these guaranties, which were executed to purchase real property at 6926 North Wayne Street, which was the business of the 6926 North Wayne Street Partnership, were made in the ordinary course of business. Accordingly, we find that the trial court erred in dismissing count V of appellants' complaint as they are entitled to seek recovery from all the partners in the partnership under the clear language of sections 13 and 15 of the Act.

We recognize this court's prior decision in *Pioneer Bank & Trust Co. v. Austin Bank*, 279 Ill. App. 3d 9, 664 N.E.2d 182 (1996), in which we held that, under the Act, general partners are not individually liable to the partnership's attorney for the forgery of other general partners' signatures on personal guaranties of partnership debt. *Pioneer Bank*, 279 Ill. App. 3d at 14-15, 664 N.E.2d at 185-86. Interestingly, *Pioneer Bank* involved three of the same third-party defendants

as in this case and identical conduct, namely, supplying forged personal guaranties to obtain a piece of property, and the facts of that case are remarkably similar to those in the instant case. Nevertheless, upon further reconsideration of that decision, we find that *Pioneer Bank*'s holding that general partners are not individually liable to the partnership's attorney for the forgery of other general partners' signatures on personal guaranties of partnership debt is in clear contravention to the provisions of sections 13 and 15 of the Act. 805 ILCS 205/13, 15 (West 1996). Specifically, we question the distinction that the *Pioneer Bank* court drew between the facts of that case and the facts of *Saikin, i.e*, that *Pioneer Bank* involved personal guaranties. Since any partnership consists of individual partners, and since the nature of a partnership is that partners remain personally liable for the acts of the partnership, we fail to see any legal relevance to such a distinction.

■ Next, we consider whether the circuit court erred in failing to consider well-pleaded allegations in the third-party complaint which alleged that the guaranties were not forged. Count II of the third-party complaint asserts a claim for indemnification against third-party defendants Leving, Weischelbaum and Levin based on their guaranties being genuine. Third-party plaintiffs claim that the trial court improperly made a finding of fact on a section 2—615 motion to dismiss. 735 ILCS 5/2—615 (West 1996). "A motion to dismiss under section 2—615 attacks only the legal sufficiency of a complaint." *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475, 575 N.E.2d 548, 555 (1991). Thus, the court is not to consider factual disputes at this stage of the proceeding.

Once again we are faced with the decision in *Pioneer Bank*, which we find is applicable to this issue. In that case, the attorney third-party plaintiff claimed in one paragraph of its complaint that the fact that the third-party defendants' signatures on the personal guaranties were forged is in dispute, while in another paragraph stated that the signatures were forged. This court held that where a complainant makes inconsistent pleadings, the pleadings are deemed ambiguous and any doubt is to be resolved against the pleader. *Pioneer Bank*, 279 Ill. App. 3d at 14, 664 N.E.2d at 185. Accordingly, this court held that the trial court properly made a finding of fact that the signatures at issue had been forged in construing third-party plaintiff's complaint even on a section 2—615 motion to dismiss. *Pioneer Bank*, 279 Ill. App. 3d at 14, 664 N.E.2d at 185.

Moreover, this court noted that "if the signatures are not forged, [third-party plaintiff] would not be able to recover as against the [third-party defendants] because [the lender] would not be able to re-

cover as against [third-party plaintiff]." *Pioneer Bank*, 279 Ill. App. 3d at 14, 664 N.E.2d at 185. Likewise in the case at bar, not only did third-party plaintiffs make inconsistent pleadings regarding the authenticity of the signatures on the guaranties, but the basis of the entire case rests on the premise that the signatures are forged; if the guaranties were genuine, then Shelter would have no case against third-party plaintiffs and third-party plaintiffs would have no derivative case against third-party defendants. In fact, Shelter would have been able to proceed under its original contract claim directly against third-party defendants. According to the ruling in *Pioneer Bank*, the trial court properly made the finding that the signatures on the guaranties were forged.

■ Finally, we review whether the trial court erred in dismissing third-party plaintiffs' contribution and implied indemnity claims against third-party defendants. Third-party defendants assert that third-party plaintiffs are barred from seeking contribution or indemnity from them because third-party plaintiffs' potential liability to Shelter is based on their own alleged fault. Case law dictates that a party guilty of intentional misconduct cannot seek contribution or indemnification from others. See, *e.g., Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill. 2d 179, 206, 538 N.E.2d 530, 542 (1989) (regarding contribution); *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 120-21, 601 N.E.2d 704, 710 (1992) (regarding indemnification).

In this case, the trial court found that each claim in Shelter's amended complaint against third-party plaintiffs seeks to impose liability based on third-party plaintiffs' intentional, rather than negligent, misconduct. However, we do not agree. Shelter alleged that Rusnarczyk and Ball violated the Illinois Notary Public Act (5 ILCS 312/6—102 (West 1992)) by swearing under oath that they witnessed the signing of the guaranties when, in fact, they did not; that Matanky, Much and Much Shelist violated the Notary Public Act as the employers of Rusnarczyk; and that the currency exchange violated the Notary Public Act as the employer of Ball. The Notary Public Act can be violated negligently. See *Bussman v. Krizoe*, 166 Ill. App. 3d 770 (1988) (finding that notary's failure to adhere to statutory requirement that person executing acknowledgment attached to deed be personally known to him constitutes negligent violation of the Notary Public Act); 5 ILCS 312/7—104 (West 1992) (defining "official misconduct" under the Notary Public Act as including negligent exercise of a power or negligent performance of a duty).

Accordingly, to the extent that third-party plaintiffs are found to have negligently violated the Notary Public Act, then third-party

defendants are liable to the third-party plaintiffs for the fraudulent action of one partner, which is imputable to all partners pursuant to the Illinois Uniform Partnership Act (805 ILCS 205/13, 15 (West 1996)).

Reversed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.